JOHN D. JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8818. Promulgated February 14, 1947.

*John D. Johnson* pro se.
*William B. Springer, Esq.,* for the respondent.

304

JOHNSON, *Judge*: Were the expenditures for meals and lodging incurred by petitioner in New York City during the year 1943 deductible from his gross income as "traveling expenses * * * while away from home in the pursuit of a trade or business," deduction for which is authorized in section 23 (a) (1) of the Internal Revenue Code, or were they to be regarded as personal, living or family expenses, deduction of which is prohibited by section 24 (a) (1) of the code? This is the sole issue for our determination.

Petitioner has filed no brief, but in his petition, filed herein on July 25, 1945, he cites these cases in support of his contention that such expenditures were deductible: *Harry F. Schurer*, 3 T. C. 544; *Wallace* v. *Commissioner* (C. C. A., 9th Cir.), 144 Fed. (2d) 407; *Flowers* v. *Commissioner* (C. C. A., 5th Cir.), 148 Fed. (2d) 163.

Shortly after the filing of his petition citing these cases, the Supreme Court, on January 2, 1946, 326 U. S. 465, reversed the opinion of the Fifth Circuit in the *Flowers* case, *supra*, and affirmed this Court's decision that the expenditures there involved were not deductible. So, while the petitioner in this case relies upon the opinion of the Fifth Circuit in the *Flowers* case, the respondent in his brief bases his contrary argument largely upon the Supreme Court's opinion in the same case.

It is sometimes difficult to differentiate between the shade of existing differences in applying applicable provisions of the Internal Revenue Code and the regulations of the Commissioner governing same. Our decision, therefore, must ordinarily be based upon the principle enunciated and the rule of interpretation evolved from cases where the facts are similar.

Briefly, the facts in the *Flowers* case were these: The taxpayer was a lawyer, whose home was in Jackson, Mississippi. He was general counsel for a railroad company, with his principal place of employment in Mobile, Alabama, but he continued to maintain his home in Jackson and deducted from his gross income expenses incurred for meals and lodging while in Mobile and traveling expenses to and from there to Jackson, Mississippi.

The Fifth Circuit, in the *Flowers* case, held that "home" in section 23 (a) (1) of the code meant the place of the taxpayer's principal abode, and therefore that expenses incurred in Mobile were deductible.

The Supreme Court's opinion in the *Flowers* case, reversing the Fifth Circuit, pointed out that the Circuit Court of Appeals for the Fourth Circuit, in *Barnhill* v. *Commissioner*, 148 Fed. (2d) 913, had made a contrary ruling, and in pointing out the conflict between these decisions, it said:

The meaning of the word "home" in § 23 (a) (1) (A) with reference to a taxpayer residing in one city and working in another has engendered much difficulty and litigation. 4 Mertens, Law of Federal Income Taxation (1942) § 25.82. The Tax Court and the administrative rulings have consistently defined it as the equivalent of the taxpayer's place of business. See *Barnhill* v. *Commissioner*, *supra* (C. C. A. 4). On the other hand, the decision below and *Wallace* v. *Commissioner*, 144 F. 2d 407 (C. C. A. 9) have flatly rejected that view and have confined the term to the taxpayer's actual residence. See also *Coburn* v. *Commissioner*, 138 F. 2d 763 (C. C. A. 2).

Immediately following this quotation, the Supreme Court then said:

We deem it unnecessary here to enter into or to decide this conflict. The Tax Court's opinion, as we read it, was grounded neither solely nor primarily upon that agency's conception of the word "home". * * *

The opinion then holds that the Tax Court's decision was based, and correctly so, upon a finding that the expenditures in question had no relation to the conduct of the railroad company's business, and that in order to be deductible under Treasury Regulations 103, section 19.23 (a)-2, construing section 23 (a) (1) (A), such expenditures must (1) be reasonable and necessary traveling expenses; (2) incurred "while away from home," and (3) incurred in pursuit of a business, which means there must be a direct connection between the expenditures and the carrying on of the business of the taxpayer's employer, and that such expenditures must be necessary to the employer's business or trade. If any one of these three requirements is lacking, the expenses are nondeductible. It is the third requirement which the court finds lacking. Furthermore, the Supreme Court held that section 23 (a) (1) (A), authorizing deduction for traveling expenses away from home, must be contrasted and construed with section 24 (a) (1) of the code, which disallows deductions for personal living or family expenses, and also interpreted in the light of section 19.23 of Regulations 103, *supra*, and, when this is done, the conclusion is reached that the Tax Court in the *Flowers* case correctly held that the expenditures in issue were nondeductible living and personal expenses.

The holding in the *Flowers* case is applicable to this case; the essential facts are the same. In both cases the taxpayer's home was in a different city from his principal place of business, and in both the employer, and not the employee, designated, determined, and required where the employee's principal place of business should be, and in both it was the employee, and not the employer's decision, that caused a home to be maintained by the employee in a different city from that of his work. That the work of one employee was of a legal nature and the other that of a business executive is of no consequence. In both cases the employer received no benefit and was in no sense profited by reason of the employee's maintenance of a home in a different city from his principal place of business. In the pending case, during all of

1943, the taxable year in question, petitioner's home was in Cleveland, but during that entire year his principal place of business was in New York City; that was his post of duty, and that is where the business of his employer demanded and required that he should be. True, it cost him more and his living expenses were greater, since he maintained a home in Cleveland for his wife and daughter while he was staying in New York, but that was his choice, not the choice or requirement of his employer. The additional expense of maintaining a home in Cleveland contributed nothing to the employer's business. As was said by the Supreme Court in the *Flowers* case:

The added costs in issue, moreover were as unnecessary and inappropriate to the development of the railroad's business as were his personal and living costs in Jackson. They were incurred solely as the result of the taxpayer's desire to maintain a home in Jackson while working in Mobile, a factor irrelevant to the maintenance and prosecution of the railroad's legal business. * * *

We do not think the fact that petitioner's first assignment in New York was as *acting* sales manager makes any difference. True, it was for an indefinite period until Redding, whose place he took, retired from the Navy, but the evidence showed that it was not known how long this would be, and the promise by petitioner's employer that upon Redding's return petitioner would be returned to his old job in Cleveland we do not deem material. The position of acting sales manager of the eastern division required, and it was accepted with the understanding that so long as petitioner held it his headquarters and principal place of business would be New York City. Employment of indefinite or indeterminate duration is not the same as temporary employment. See *Arnold P. Bark*, 6 T. C. 851.

Petitioner testified that when he was given the New York assignment, he was told that he would also continue assisting the manager at Cleveland, but there is no evidence that petitioner did, in 1943, assist the manager at Cleveland or perform any duties in connection with the Cleveland office. There is no evidence that in 1943 petitioner received any salary or compensation except that for services performed as acting sales manager of the eastern division, with headquarters in New York City, and there is no evidence that petitioner had any business office, desk, or employment in Cleveland in 1943, and the burden of proof is on him to so show if such was a fact. *George F. Thompson*, 6 T. C. 285.

The evidence did disclose that petitioner was absent from New York at different times and on different business trips in 1943, aggregating some 55 or 60 days during the entire year, some of which included holidays and Sundays, and some of these trips were to Cleveland, but it is not shown how many or what duties of his employer, if any, were performed there, but if petitioner had shown that he assisted the manager at Cleveland in 1943, that fact would not entitle him to deduct

expenses incurred in his principal place of business in New York City. See *S. M. R. O'Hara*, 6 T. C. 841.

The *Harry F. Schurer* case, *supra*, cited by petitioner, was decided prior to the decision by the Supreme Court in the *Flowers* case and, furthermore, the facts are materially different from this case. Schurer was a journeyman plumber and he served on temporary employment in several different places during the taxable year, and upon the termination of the employment in each instance returned to his home. Petitioner in this case remained in New York and up to the date of the trial had continuously had his principal place of business in New York since first going there on January 1, 1943.

In the *O'Hara* case, *supra*, it was said:

We have long held that section 23 (a) (1), *supra*, may not be availed of to secure a deduction from gross income for "traveling expenses" paid or incurred by a taxpayer while at his principal place of business, post of duty, or principal place of employment. *Mort L. Bixler*, 5 B. T. A. 1181; *Barnhill* v. *Commissioner*, *supra*; *George W. Lindsay*, 34 B. T. A. 840; *Jennie A. Peters*, 19 B. T. A. 901; *William Lee Tracy*, 39 B. T. A. 578.

Under the facts in this we hold that the expenditures for which petitioner claims deduction are not allowable as traveling expenses, but that they constitute personal living or family expenses for which deduction is not permitted under the code.

*Decision will be entered for respondent.*