Leonard S. and Thelma B. Stephens v. Commissioner.
Leonard S. & Stephens v. Commissioner
Docket No. 10359.
United States Tax Court
1947 Tax Ct. Memo LEXIS 36; 6 T.C.M. (CCH) 1211; T.C.M. (RIA) 47308; November 17, 1947
*36 Taxpayer, employed as special agent for the Federal Bureau of Investigation, had his official headquarters at Newark, New Jersey, from January 1 to April 15, 1943, and at New York City for the remainder of the year. The amount paid by him in 1943 for lodgings for which he received no reimbursement, held, not deductible as traveling expenses under section 23 (a)(1)(A), Internal Revenue Code. Leonard S. Stephens, Esq., pro se. John O. Durkan, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income taxes of $190.06 for the year 1943. The question to be determined is whether the Commissioner erred in disallowing as a deduction in 1943 the amount of $790 paid for lodgings by petitioner, Leonard S. Stephens. Findings of Fact The petitioners are residents of Whitley City, Kentucky. They filed their return for 1943 with the collector of internal revenue at Louisville, Kentucky. Leonard S. Stephens, hereinafter referred to as the petitioner, was employed as a special agent by the Federal Bureau of Investigation (hereinafter referred to as F.B.I.), during the entire *37 taxable year 1943. From January 1, 1943, to April 15, 1943, his official headquarters were in Newark, New Jersey. A letter dated April 2, 1943 from the then assistant to the Attorney General to the petitioner, read as follows: "This is to advise you that your headquarters are hereby changed from Newark, New Jersey to New York, New York, effective upon your arrival there. "This change is being made for official reasons and not for your personal convenience. You will accordingly be allowed your necessary expenses in connection therewith. "You are authorized to use a privately owned automobile in connection with your transfer and you will be reimbursed at the rate of five cents per mile, not to exceed the cost of common carrier by the the most direct route. "The transportation of your household goods and personal efiects will be paid in accordance with regulations contained in Executive Orders 8588 and 9122." After April 15, 1943, petitioner's official headquarters were at New York, New York. Travel Authority letters (Form CC-72) under dates of July 1, 1942, and July 1, 1943, addressed to petitioner, read as follows: "By direction of the Attorney General, you are hereby *38 authorized and directed to make such travel as may be necessary in connection with your official duties and assignments, which will be given you orally from time to time by the Special Agent in Charge of the field division to which you are assigned, or by the Director of the Federal Bureau of Investigation. "You will be reimbursed for your expenses of travel, including travel by airplane, and allowed $6.00 per diem in lieu of subsistence when absent from your headquarters, in accordance with the Standardized Government Travel Regulations, as amended. Your per diem allowance while absent from headquarters beyond the limits of the continental United States is hereby fixed at $7.00 per day. Reimbursement for the use of a privately owned automobile will be allowed at the rate of 5 cents per mile, it having been determined that reimbursement on a mileage basis is more advantageous and economical to the Government. "As long as this letter remains in effect, the date of this letter and the travel authority number appearing in the caption shall be entered in the space provided on the revised voucher form #1012." A voucher, form #1012, captioned "Voucher for Per Diem and/or Reimbursement *39 of Expenses Incident to Official Travel" for each month of 1943, excepting August, was submitted by petitioner, in which he made claim for per diem allowance in lieu of subsistence on six different occasions for a total of 19 1/4 days during which he was absent from his headquarters on official business. Other items claimed were telephone calls, street car, subway, bus, and taxi fares, one under date of July 11 being designated as "Taxi fare from Penn. Station, N.Y.C. to home in NYC." During 1943 petitioner paid $790 for room rent, not including meals, for which he received no reimbursement from the Government. No itemization showing times and places was submitted. The deduction of this amount claimed by petitioner in the 1943 return was disallowed by the Commissioner. Opinion VAN FOSSAN, Judge: The only question to be determined is whether the amount of $790 expended by petitioner for lodgings in 1943 is deductible as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business" under section 23 (a)(1)(A) of the Internal Revenue Code. It is well established that a taxpayer *40 seeking a deduction must show that it comes within the terms of the statute upon which he relies. New Colonial Ice Co., Inc., v. Helvering, 292 U.S. 435; White v. United States, 305 U.S. 281. To be allowable as a deduction under section 23 (a)(1)(A), the amount of $790 must have been incurred not only "while away from home" but also "in the pursuit of a trade or business." Commissioner v. Flowers, 326 U.S. 465. The petitioner was reimbursed for expenses of travel in the pursuit of his business or employment as special agent for F.B.I. and, in addition, was allowed $6 per diem in lieu of subsistence when absent from his official headquarters. While he was reimbursed for expenses of travel, such as street car, bus and taxi fares, in the pursuit of his employment at official headquarters, he was not entitled to any per diem allowance in lieu of subsistence while pursuing his business at the headquarters to which he was assigned. Under the terms of his employment, petitioner was on what may be termed a traveling status or away from home within the meaning of the statute only when he was absent from the headquarters to which he was assigned. He *41 made claim for the subsistence allowance for an aggregate of only 19 1/4 days during 1943. The petitioner testified that his "home was in Whitley City, Kentucky." He also testified that he paid $790 and some odd cents for room rent, not including meals, for which he received no reimbursement from the Government. No itemization was submitted. On brief he states that such amount was spent for necessary lodgings while he was outside of headquarter's city or was necessarily expended because deprived of use of headquarter's hotel by the exigencies of Bureau business. There is no evidence to support such statements. On the contrary, the record indicates that the amount was expended for lodgings at his employment headquarters. Neither is there any evidence in support of the allegation in the petition, denied by respondent in his answer, that "Petitioners did not move their furniture from their home at Whitley City, Kentucky, or establish a residence at any other place at any time during the year of 1943." So far as the record discloses, the petitioner resided in Newark, New Jersey, in the forepart of 1943 and later in New York City. In fact, in the July voucher petitioner refers to his *42 "home" in New York City. Neither is there evidence that petitioner's employment or his assignment to Newark and later to New York City were temporary, as in the case of Harry F. Schurer, 3 T.C. 544, a journeyman plumber by trade, who accepted temporary employment in localities other than his home and returned to his home upon the termination of every such employment. Petitioner's headquarter's assignment may have been for an indefinite duration, but this did not constitute his employment temporary so as to entitle him to the deduction claimed. John D. Johnson, 8 T.C. 303, 308. The fact that the change of headquarters from Newark to New York City was made for official reasons, is not determinative. It merely entitled petitioner to reimbursement of his necessary expenses incurred in connection with the change, including transportation of household goods and personal effects. Even if it be assumed that petitioner's home was in Whitley City, Kentucky, the amount of $790 expended by petitioner for lodgings has not been shown to have been incurred in the pursuit of his employment as special agent for F.B.I. It has been long established that "traveling expenses" *43 paid or incurred by a taxpayer while at his principal place of business, post of duty, or principal place of employment are not deductible as ordinary and necessary business expenses. S. M. R. O'Hara, 6 T.C. 841, 845. Accordingly, the disallowance of the amount as a deduction under section 23 (a)(1)(A) is approved. Decision will be entered for the respondent.