WILLIAM W. TODD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12712. Promulgated April 20, 1948.

*William W. Todd*, pro se.
*James C. Maddox, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The first issue raised by petitioner is that the Commissioner is without authority in determining a deficiency against him for the year 1943 to disallow a deduction of $1,613.70 claimed by petitioner on his income tax return for the year 1942, because the statute of limitations bars any adjustment for 1942. It should be borne in mind that the Commissioner has not determined any deficiency in petitioner's income tax for the year 1942. What he has done is to determine a deficiency for the year 1943, and in so doing he must of necessity take into consideration petitioner's income and deductions for the year 1942. This is made necessary by the forgiveness provisions of the Current Tax Payment Act of 1943.

Petitioner's income tax return for 1943 was filed March 15, 1944. The notice of deficiency was mailed to petitioner on September 20, 1946. Therefore, the deficiency was determined within three years of the filing of petitioner's return for the year 1943. The statute of limitations had not barred the deficiency at the time of the mailing of the deficiency notice. The precise issue which petitioner raises as to the statute of limitations was raised by the taxpayer in *Lawrence W. Carpenter*, 10 T. C. 64, and was decided adversely to the contention of the taxpayer. Therefore, following that case, we decide the issue of the statute of limitations against petitioner.

The next and principal issue raised by petitioner is whether amounts spent by petitioner for living expenses at his posts of duty and official headquarters during 1942 and 1943 constitute traveling expenses while away from home in pursuit of a trade or business within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code, as petitioner contends, or whether these expenses constitute personal living expenses within the meaning of section 24 (a) (1) and are, therefore, not deductible, as the Commissioner has determined and still contends. Under the facts which have been proved, we decide this issue

in favor of the Commissioner. Since 1935 petitioner has been a civilian employee of the United States Government in one capacity or another. During all this time petitioner has maintained his family at Bozeman, Montana. This, of course, he has a right to do, but it does not give him the right of a travel status while working at his regular post of duty in the Government service. If it did, then doubtless thousands of other Government employees would be entitled to the same sort of deductions as he claims.

The facts show that in August 1942 petitioner was transferred from St. Louis, Missouri, which was then his official headquarters, to duty in a civilian capacity with the War Department at Newport News, Virginia. He received travel pay to cover the expenses of this change of location, and that is not involved here. After he arrived at Newport News he was at what was to be his then post of duty and he would be entitled to a travel status only when traveling out of there on official business. There was very little of such travel on the part of petitioner in 1942 and what there was is not involved here. Apparently there was none in 1943.

The Commissioner cites the following cases, among others, in support of his determination: *Commissioner* v. *Flowers*, 326 U. S. 465; *Barnhill* v. *Commissioner*, 148 Fed. (2d) 913; *York* v. *Commissioner*, 160 Fed. (2d) 385; *Thompson* v. *Commissioner*, 161 Fed. (2d) 185; *Herman Martin*, 44 B. T. A. 185; *S. M. R. O'Hara*, 6 T. C. 841; *Arnold P. Bark*, 6 T. C. 851; *John D. Johnson*, 8 T. C. 303. We think these cases undoubtedly support the determination which the Commissioner has made. The effect of these decisions is to hold that a taxpayer's living expenses while he is carrying on his duties at his regular place of business are personal and not business expenses. *York* v. *Commissioner, supra.* In that case the court, in affirming our memorandum opinion decision, said:

> The Tax Court was clearly right in ruling against petitioner. A man's living expenses while he is carrying on his business at his regular place of business are personal and not business expenses. This is true even though he maintains, as petitioner did at first, a place of abode so distant from his place of business that daily commuting is impossible. *Commissioner* v. *Flowers*, 326 U. S. 465. * * *

We must so hold in the instant case.

Petitioner in his reply brief, which we have carefully read and considered, endeavors to distinguish the foregoing decisions and others cited by respondent on the ground that they differed on their facts. It is, of course, true that in these cases there are certain differences in fact from those of the instant case, but the controlling principle decided in these cited cases is that expenditures of the kind which petitioner seeks to deduct in the instant case are personal expenses and are not deductible. Petitioner in his brief lays particular stress

on the fact that the travel orders which he received in August of 1942 directing him to proceed from what was then his headquarters in St. Louis, Missouri, to Newport News, Virginia, did not provide for the payment by the Government of the cost of moving petitioner's household goods, as authorized under the provisions of Executive Orders Nos. 8588 and 9122. Petitioner's travel orders directing him to proceed from St. Louis, Missouri, to his new post of duty at Newport News, Virginia, are not in evidence and we do not know what they contained. But, assuming that those orders did not provide for payment by the Government of the cost of moving petitioner's household goods, that has nothing to do with the issue which we have here to decide. Petitioner is not claiming in this proceeding any deduction for the cost of moving his household goods from St. Louis to Newport News. Certainly it would not have any bearing on the question as to whether after the transfer petitioner's regular post of duty as a civilian employee of the United States Government was at Newport News, Virginia.

*Decision will be entered for the respondent.*