C. B. and Hattie Gilbert v. Commissioner.
Gilbert v. Commissioner
Docket No. 17808.
United States Tax Court
1948 Tax Ct. Memo LEXIS 16; 7 T.C.M. (CCH) 931; T.C.M. (RIA) 48260; December 14, 1948
*16 Chas. E. Jackson, Esq., Box 717, Lindsay, Okla., for the petitioners. John F. Higgins, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income tax for the calendar year 1944. Deficiency was determined in the amount of $230, all of which is in issue. The only question presented is whether the Commissioner erred in denying deduction of $1,095, the estimated cost of meals and lodging of C. B. Gilbert. All facts were stipulated, as follows: Petitioners, who are husband and wife, filed a joint income tax return for 1944, said return is attached hereto as Exhibit A. During all of the calendar year 1944, C. B. Gilbert, one of the petitioners herein, was employed by Boeing Airplane Company in Wichita, Kansas, and claim for subsistence allowance made in Exhibit A is for the estimated cost of meals and lodging incurred in Wichita, Kansas, at $3.00 per day for 365 days. The petitioner was in Wichita, Kansas, 359 days in 1944. C. B. Gilbert accepted employment and was employed continuously by the Boeing Airplane Company in Wichita, Kansas, from December 1, 1942, to August 1945. C. B. Gilbert, together with his *17 wife, Hattie Gilbert, had at all times for a period of more than ten (10) years prior to the commencement of his employment at Wichita, Kansas, and during all of the time of said employment, owned and operated a farm near Hennessey, Oklahoma. The farm was operated during the taxable year 1944, resulting in income in the amounts shown in Exhibit A. C. B. Gilbert made trips to the farm from Wichita, Kansas, on at least six different and distinct occasions during the calendar year 1944 for the purpose of visiting his farm and family and assisting his wife, Hattie Gilbert, in the management and operation of said farm. Petitioner's legal residence was Kingfisher County, Oklahoma, during all of the time for at least ten (10) years prior to the commencement of his employment at Wichita, Kansas; and Kingfisher County, Oklahoma, remained his legal residence through said employment; and at the termination of said employment, C. B. Gilbert returned to his farm in Kingfisher County in August 1945. Exhibit A, referred to above, was filed with the collector at Oklahoma City, Oklahoma, and, in pertinent part, shows the address of the taxpayers as Hennessey, Oklahoma; that from $3,553.04 received *18 from Boeing Airplane Company as employer, $1,095 is deducted as "subsistence 365 days at $3.00" leaving $2,458.04; that other income received was $758.48, making a total income of $3,216.52; that the husband's was $2,458.04 and the wife's income was $758.48; that the $758.48 was from $1,262 sales of farm products, less $503.52 deductions for expenses and depreciation on farm buildings. Opinion Did the Commissioner err in denying deduction of the estimated cost of meals and lodging of C. B. Gilbert while employed in Wichita, Kansas? The petitioner urges that he maintained his home and farm business at Hennessey, Oklahoma, that his work was away from home and temporary, and that previous cases involving war workers are distinguishable; and that Commissioner v. Flowers, 326 U.S. 465, does not apply. We can not agree. Passing the question of home, the Flowers case definitely requires, for deduction under section 23 (a) (1) (A) of the Internal Revenue Code, that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. In this respect there is no essential distinction *19 between that matter and the instant case. The expenses here were just as "unnecessary and inappropriate to the development of the railroads [Boeing's] business as were his personal and living costs in Jackson" [Hennessey, Oklahoma]. Here, as there, the expenses were incurred solely as a result of the petitioner's desire to maintain a home elsewhere than at the location of his work. The employer in both cases "gained nothing" from the arrangement involving living away from the work. To this reasoning there is no answer in the fact that the petitioner had long lived at Hennessey, that his wife continued to live there and to operate the farm, with a negligible amount of assistance from him. Essentially the same situation is found in Ney v. United States, 77 Fed. Supp. 1005, yet deduction of living expenses away from usual home and personal business was denied. We have followed the logic of the Flowers case in George F. Thompson, 6 T.C. 285, and John D. Johnson, 8 T.C. 303. It applies here. These were not traveling expenses, but personal. The Commissioner did not err in denying the deduction claimed. Decision will be entered for the respondent. *20