William & Martha Laubach v. Commissioner.
Laubach v. Commissioner
Docket No. 17986.
United States Tax Court
1949 Tax Ct. Memo LEXIS 271; 8 T.C.M. (CCH) 105; T.C.M. (RIA) 49025; February 3, 1949
*271 O. A. Fountain, Esq., Republic Bank Bldg., Dallas, Tex., for the petitioners. J. Marvin Kelley, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1944. Deficiency was determined in the amount of $595.11 and $95.22 interest. The only error assigned by the petition is the denial of deductions in the amount of $2,190. The question presented is whether that sum is allowable under section 23 (a) (1) (A) of the Internal Revenue Code[1] as traveling expenses, including expense of meals and lodging. The parties filed a complete stipulation of facts and we find the facts to be as so stipulated. The pertinent parts thereof are: *272 [The Facts] Petitioners, William Laubach and wife, Martha Laubach, reside at 3915 Woodleigh Street, Houston, Texas, and were married during all of the times covered by the proposed deficiency assessment, and made a joint return for the year 1944. The taxes in controversy are income taxes for the taxable year ended December 31, 1944. Prior to January 1, 1944, petitioners owned a home at 3915 Woodleigh Street in Houston, Texas (Harris County). Petitioner William Laubach was employed during the entire year 1944 by North American Aviation, Inc., at its plant near Dallas, Texas. This was a part of the war effort in connection with building ariplanes for the Army and Navy. At the time petitioner William Laubach accepted employment at North American Aviation, Inc., petitioners decided that the wife would remain in Houston, living in their home, and that the husband would find living quarters in Dallas, as the employment was not expected to be permanent or to extend greatly beyond the duration of the war. Housing conditions in Dallas and vicinity at that time were such that it was difficult to find rental property and petitioners did not want to sell their home in Houston and buy *273 a home in Dallas. William Laubach rented a room at a Dallas hotel where he lived during the entire year 1944. His hotel room rent, meals and laundry $6averaged per day, or a total of $2,190. North American Aviation, Inc., closed its plant after the war ended and William Laubach was kept on duty for a short time, thereafter returning to his home in Houston, Texas, where he is now employed. [Opinion] Under the above facts, we conclude and hold that the Commissioner did not err in denying the deduction of the $2,190. The matter is governed by Commissioner v. Flowers, 326 U.S. 465, and such cases as William W. Todd, 10 T.C. 655; John D. Johnson, 8 T.C. 303; and Barnhill v. Commissioner, 148 Fed. (2d) 913. Petitioners rely on Harry F. Schurer, 3 T.C. 544; Wallace v. Commissioner, 144 Fed. (2d) 407, and cases of that nature. Both the Schurer and Wallace cases ante-date the light cast upon this question by the Flowers case, supra. The work at Dallas was indeterminate and indefinite - "not expected to be permanent or to extend greatly beyond the duration of the war" - and not to be considered merely *274 temporary; and cases involving merely temporary absence from home do not apply. Extended discussion of this oft-examined question is not necessary. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.↩