John E. Giffels and Marion Giffels v. Commissioner.
Giffels v. Commissioner
Docket No. 17536.
United States Tax Court
1949 Tax Ct. Memo LEXIS 53; 8 T.C.M. (CCH) 944; T.C.M. (RIA) 49257; October 11, 1949
*53 Upon the facts, held, petitioner's employment in Melville, Rhode Island was indefinite and, hence, the expenses involved were personal rather than deductible expenses under section 23 (a) (1) (A) of the Internal Revenue Code. Commissioner v. Flowers, 326 U.S. 465. John E. Giffels, pro se. E. Randolph Dale, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency in petitioner's income tax for the year 1943 in the amount of $490.41. Although respondent made adjustments to petitioner's income for both 1942 and 1943 the deficiency relates only to the latter year because of the forgiveness feature of the Current Tax Payment Act of 1943. The only question is whether *54 petitioner should be permitted deductions for certain expenditures as traveling expenses while away from home under section 23 (a) (1) (A) of the Internal Revenue Code. Findings of Fact Petitioners are husband and wife. Petitioner John E. Giffels, hereinafter referred to as petitioner, is an engineer. He maintains a residence for himself and his family in Bronxville, New York. His return for the period involved was filed with the collector of internal revenue for the second district of New York. On January 21, 1942, petitioner was hired by the Leonard Construction Company of New York City to work as a mechanical engineer. On March 11, 1942, he was sent by the company to Melville, Rhode Island, to work on a Navy construction project which it was estimated would require three months to complete. At the time petitioner was first assigned to work in the Melville, Rhode Island area it was understood that his employer was to pay his traveling and living expenses while he was working there, but this arrangement was changed and an allowance of $15 per week to cover expenses was added to his salary. That additional sum was reported in petitioner's income tax return *55 for the years involved as part of his gross salary. On June 9, 1942, before the end of the three months after the first assignment in Melville, Rhode Island, petitioner was assigned to work in connection with a second contract of his employer in the Melville area. On December 17, 1942, petitioner was assigned to a new contract by his employer five miles away from Melville and again on September 1, 1943, he was assigned to work in connection with another contract in that area. During the taxable years 1942 and 1943 petitioner was either in Melville or in that immediate area for a period of 42 and 50 weeks, respectively. During this time his employment there was continuous. He was ordered to return to the New York office on December 15, 1943. The duration of his employment in the Melville area was indefinite and indeterminate. While there his expenses per week were as follows: 1942
1943
Room
$ 7.50
$ 7.50
Meals
15.00
12.00
Laundry
2.00
2.00
Railroad fare
5.50
5.50
$30.00
$27.00 Petitioner returned to Bronxville, New York, every two weeks. Only two of the railroad trips were for business purposes. The others were to visit his family in his Bronxville *56 home. He deducted $1,260 from his income for 1942 and $1,350 from his income for 1943, claiming that these amounts were traveling expenses. Respondent disallowed those deductions. Opinion HILL, Judge: The petitioner contends that he is entitled to deduct expenses which he incurred in connection with his work on his employer's contracts in and near Melville, Rhode Island. Although he cites no section of the Code in support of his argument, we assume he seeks to invoke section 23 (a) (1) (A) of the Code which allows a deduction for income tax purposes of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." Respondent determined that such expenses were personal and not deductible. Section 24 (a) (1), Internal Revenue Code. We have found as a fact that petitioner's employment in the Melville, Rhode Island area was indefinite and indeterminate. Although petitioner testified that the first Navy contract was only of three months' duration, the facts show that he was in that area for approximately nineteen months, all the while continuously working there on projects of the Leonard *57 Construction Company. Petitioner's testimony indicates that he expected to remain there until the completion of any of the contracts or until the end of the war, whichever was sooner. It is apparent that petitioner's principal place of employment or post of duty was in that area during the period for which he claims the deductions. We think, therefore, in view of the above facts, that this case is controlled by Commissioner v. Flowers, 326 U.S. 465. In that case the taxpayer, a lawyer, maintained his home in Jackson, Mississippi. He was general counsel for a railroad company with his principal place of employment in Mobile, Alabama. He continued, however, to maintain his home in Jackson and deducted from his gross income expenses incurred for meals and lodging while in Mobile and traveling expenses to and from there to Jackson, Mississippi. The Court held that before the expenditures in question could be deductible they must (1) be reasonable and necessary traveling expenses; (2) incurred "while away from home," and (3) incurred in pursuit of a business, which means there must be a direct connection between the expenditures and the carrying on of the business of the *58 taxpayer's employer, and that such expenditures must be necessary to the employer's business or trade. If any one of these three requirements is lacking, the expenses are nondeductible. See our discussion of the Flowers case in John D. Johnson, 8 T.C. 303. The Supreme Court held in the Flowers case that requisite (3) had not been met, stating: "The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. Jackson was his regular home. Had his post of duty been in that city the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. The character of such expenses is unaltered by the circumstances that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same." The Court further said: "The added costs in issue, moreover, were as unnecessary *59 and inappropriate to the development of the railroad's business as were his personal and living costs in Jackson. They were incurred solely as the result of the taxpayer's desire to maintain a home in Jackson while working in Mobile, a factor irrelevant to the maintenance and prosecution of the railroad's legal business. * * *" So they are in this case. Petitioner's post of duty during the roughly 19 months for which he claims deduction was in the Melville area. It is apparent, then, that the expenses were incurred solely as the result of the petitioner's desire to maintain a home in Bronxville, New York, while working in Melville, Rhode Island. Hence, in this case, requisite (3) set forth in the Flowers case, supra, is lacking. See also S. M. R. O'Hara, 6 T.C. 841; Arnold P. Bark, 6 T.C. 851; John D. Johnson, supra; Mort L. Bixler, 5 B.T.A. 1181. Except for expenses for two railroad trips to New York City in connection with his trade or business, or a total amount of $11, petitioner is not entitled to the deductions claimed. Certain of the expenditures involved are not deductible for an additional reason. By petitioner's own *60 testimony the expenditures for railway fares, except for two trips, were for personal rather than business reasons. And we have held that laundry expenses are personal. David Sonenblick, 4 B.T.A. 986. It follows, except as above indicated, that respondent did not err in his determination. Decision will be entered under Rule 50.