SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RESTITUTO ORTIZ, Intervener.

No. 273. Argued May 1, 1952.—Decided May 22, 1952.

*Víctor Gutiérrez Franqui, Attorney General,* and *José A. García Malpica, Assistant Attorney General,* for petitioner. *Alberto Gerardino* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In his 1945 income tax return, Restituto Ortiz deducted $700 as transportation and meal expenses. The Treasurer disallowed this deduction and notified him of a deficiency. After the necessary administrative steps, Ortiz appeared before the Tax Court where, after a hearing on the merits, it was held that the portion of said amount which corresponded to meals was not deductible, although the sum corresponding to transportation fares was deductible. According to the evidence heard, the petitioner worked as a customs inspector during the year in question at a salary of $2,902.06 per annum. Because of the state of war then prevailing, he worked likewise a number of extra hours and received $4,102.03 therefor. For this additional work, either the United States Army or Navy or Pan American World Airways paid him through the Custom Service. He was not bound to work overtime, but seeing that he received additional compensation therefor he chose to work said extra hours. During the regular working hours the Federal Government furnished him with transportation from the airport gate in Fernández Juncos Avenue, in Santurce, up to the building located on airport land in Isla Grande, where he performed his inspection duties. Contrariwise, at nighttime he had to defray his own transportation expenses. Since then, and especially during those hours, there was no regular bus service between the airport gate and the aforesaid building, Ortiz was compelled to take taxicabs when, during such hours, he had to go to his working headquarters as well as when, after finishing his work, he wished to return home at dawn. It was precisely in connection with those transporta-

tion fares and expenditures for meals during extra hours that he claimed the deduction in the return. It is clear from the record that he claimed nothing in connection with the traveling expenses from the airport gate to his house and vice versa, nor for his meals during regular working hours. Based on a lengthy opinion, the lower court rendered judgment to the effect that the petitioner was not entitled to deduct any sum in connection with his meals, but was entitled to deduct $514.05 as transportation fares.

A few days later the parties stipulated that ever since the effectiveness of the Income Tax Act of Puerto Rico—Act No. 74 of August 6, 1925 (Sess. Laws, p. 400)—the administrative practice established by the Treasurer of Puerto Rico in construing § 16 (a) (1) of that Act had been to the effect of disallowing commuters' fares as a deductible expense from a taxpayer's gross income; and that petitioner's contention was that such administrative practice was erroneous because it was contrary to law. The court approved that stipulation. Shortly thereafter the Treasurer moved for the reconsideration of the judgment and the court denied his petition ratifying its former views. In the new opinion denying reconsideration the court stated that its previous opinion was not intended to establish as a general doctrine of law, without any limitation whatsoever, that in Puerto Rico commuters' fares are deductible from a taxpayer's gross income under the provisions of § 16 (a) (1) of the Act, and that likewise it ought not to be construed as establishing in a general fashion that, unless in writing, an administrative practice should not be taken into consideration nor has it any effect. It stated, furthermore, that there is no express statutory provision in Puerto Rico, as happens in the United States, altogether prohibiting that such expenses be considered deductible, regardless of the consideration whether or not they are necessary in the business; that "the transportation claimed here was necessary and indispensable to

travel within the very place of work of the taxpayer, that is, to travel from the airport gate up to the terminal or terminals where the customs inspection took place"; that "this was due to the nature of the place itself and the nature of the work done which depended on the arrivals and departures of airplanes"; that "under these circumstances, . . . and considering that the extra work which, although similar formed no integral part of the taxpayer's official duties in his official employment, was performed wilfully, we ratify our previous conclusion to the effect that in the light of the proved facts the transportation fares involved herein are deductible as ordinary and necessary in carrying on any trade or business, or as the regulations recite, as ordinary and necessary expenses *directly connected* with the conduct of a trade or business"; and that "the difference between these and the expenditures for meals which we did not allow, although in the last instance both might be personal expenses in a general sense, rests on the fact that an individual must incur meal or living expenses whether he is in the pursuit of a trade, business or employment, or resting at home." To review the judgment thus rendered, we granted certiorari, at the request of the Treasurer of Puerto Rico, under § 6 of the Act creating the Tax Court of Puerto Rico—Act No. 328 of May 13, 1949, (Sess. Laws, pp. 996, 1004).

 Section 16 of the Income Tax Act, *supra,* as amended by Act No. 31 of April 12, 1941, (Sess. Laws, pp. 478, 494) provides, insofar as pertinent here, as follows:

"(a) In computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; travelling expenses (including the entire amount for meals and lodging) while away from home in the pursuit of a trade or business; . . ."

On the other hand § 102 of Income Tax Regulations No. 1 under the Income Tax Act, approved May 17, 1926, insofar as pertinent here, provides as follows:

"Traveling expenses, as ordinarily understood, include railroad fares and meals and lodging. If the trip is undertaken for other than business purposes, such railroad fares are personal expenses and such meals and lodging are living expenses. If the trip is solely on business, the reasonable and necessary traveling expenses, including railroads fares, meals and lodging, become business instead of personal expenses . . . Only such expenses as are reasonable and necessary in the conduct of the business and directly attributable to it, may be deducted. . . ."

Construing § 23 (a) (1) (A) of the Federal Internal Revenue Code—26 U.S.C. § 23, as amended, 56 Stat. 819—the Supreme Court of the United States, after pointing out that said Section is to be read in the light of the interpretation given it by § 19.23 (a)–2 of Treasury Regulations 103, promulgated under said Code, and after declaring that said interpretation was precisely the same as that given to identical traveling expense deductions authorized by prior and successive Revenue Acts, stated that it should be deemed to possess implied legislative approval and had, therefore, the effect of law. It went on to say that "Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23 (a) (1) (A):

"(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and

pursuit of the business or trade." *Commissioner* v. *Flowers,* 326 U. S. 465, 470, 90 L. ed. 203, 207.

After a thorough study of the problem before us we think that the views thus expressed by the Supreme Court of the United States are applicable to the situation with which we are concerned here. Section 16 of our Act, insofar as pertinent, is identical with § 23(a)(1)(A) of the Federal Internal Revenue Code construed in that case, and § 102 of our Regulations is identical with § 19.23 (a)–2 of the Federal Regulations referred to in said case, except that the latter provides at the end, which provision is not included in ours, that "commuters' fares are not considered as business expenses and are not deductible." This, however, does not alter the situation. "Commuters' fares," as we understand it, are the transportation expenses incurred by a person in going from a city, town or neighborhood to the place where he works or vice versa. Undoubtedly in the case at bar the expenses claimed by Ortiz were not that kind of expenses. Rather they were transportation expenses incurred within the same city in which he lived, that is, within the very city of his residence. Moreover, such expenses were not directly connected with the carrying on of a trade or business of the taxpayer or of his employer. Indeed, once Ortiz went to the specific place where he performed his duties, the latter were confined to his official tasks as a customs inspector. They were actually traveling expenses between his home and the building where he did his official work. Transportation expenses incurred under similar circumstances are not deductible for income tax purposes. The fact that the public transportation service ran only as far as the airport gate and that from there to the place where he did his work Ortiz had to use a different means of transportation and to pay for it, does not alter in any manner whatsoever the previous conclusion.

We think, therefore, that the lower court was correct in

concluding that the expenditures for meals were not deductible. *Todd* v. *Commissioner*, 10 *T. C.* 655; *Drill* v. *Commissioner*, 8 *T. C.* 902. There is no controversy as to them. But, as we have seen, the lower court erred in deciding that the commuters' fares claimed by the petitioner were deductible.

■ Tax deductions or exemptions are a legislative grace and should be strictly construed against the person alleging a right thereto. *Sucn. Serrallés* v. *Tax Court, ante,* p. 33; *Descartes, Treas.* v. *Tax Court,* 71 P.R.R. 230, 236; *Wood* v. *Tax Court,* 71 P.R.R. 216, 218; *Descartes, Treas.* v. *Tax Court,* 71 P.R.R. 440, 447; *Descartes, Treas.* v. *Tax Court,* 71 P.R.R. 479, 483; *Central Coloso* v. *Tax Court,* 70 P.R.R. 62, 65; *Buscaglia, Treas.* v. *Tax Court,* 68 P.R.R. 34, 36; *National Hats Co.* v. *Sancho, Treas.,* 65 P.R.R. 226, 229; *Helvering* v. *Ohio Leather Co.,* 317 U. S. 102, 106; *Helvering* v. *Northwest Steel Mills,* 311 U. S. 46, 49; *White* v. *United States,* 305 U. S. 281, 292; *Helvering* v. *Taylor,* 293 U. S. 507, 514; *New Colonial Co.* v. *Helvering,* 292 U. S. 435, 440; *Amoroso* v. *Commissioner,* 193 F. 2d 583, decided by the Court of Appeals of the United States for the First Circuit, January 8, 1952; 56 Harv. L. Rev. 1142; Sutherland Statutory Construction, Vol. 3, Third Ed. (1943), p. 296, § 6702. Neither the clear letter of the Act nor of the Regulations demonstrates that pursuant thereto the petitioner, intervener herein, is entitled to the deduction claimed as transportation expenses. See 46 Columbia L. Rev. 489; 90 L. ed. p. 213 *et seq.;* Mertens, Law of Federal Income Taxation, Vol. IV, § § 2580, 2586 and 2587; *Andrews* v. *Commissioner,* 179 F. 2d 502.

■ Finally, the administrative practice established by the Treasury Department of Puerto Rico to the effect that commuters' fares are not deductible, should have deserved serious consideration on the part of the lower court, despite the fact that it was neither in writing nor an integral part

of § 102 of the Regulations hereinbefore referred to. The lower court should have given it the same consideration and the same efficacy as to a written regulation.[1] *Liggett & Myers Tobacco Co. v. Buscaglia, Treas.*, 64 P.R.R. 75, 80; *Buscaglia v. Liggett & Myers Tobacco Co.*, 149 F. 2d 493, 495; *Nashville C. & St. L. Ry. v. Browning*, 310 U. S. 362, 369; *Haas v. Henkel*, 216 U. S. 462, 480; *Barnhill v. Commissioner*, 148 F. 2d 913, 917.

The judgment appealed from will be reversed and the complaint dismissed.

---

[1] It goes without saying that in order for the courts to recognize the existence of an administrative practice, such practice must be clearly and firmly established by admissible evidence. *Cf. Sucn. Pedro Giusti, Inc. v. Tax Court*, 70 P.R.R. 109, 133.