Willie A. Brassfield v. Commissioner.
Brassfield v. Commissioner
Docket No. 27608.
United States Tax Court
1952 Tax Ct. Memo LEXIS 186; 11 T.C.M. (CCH) 581; T.C.M. (RIA) 52176; June 10, 1952
*186 The petitioner, a boilermaker, with residence address at Muskogee, Oklahoma, was employed during all but two days of the taxable year on construction jobs at points in Texas, Indiana and Montana. None of his employers were located at Muskogee. In each instance of employment he resided at the site of the construction job on which he worked and thereafter until he secured another job at some other point. His maintenance of a home at Muskogee was not a necessary incident of his employment or in any way connected with his duties. Held, that under such circumstances, the petitioner's cost of travel and living expenses while on these construction jobs was personal in character and not deductible under Section 23 (a) (1) (A), Internal Revenue Code. Commissioner v. Flowers, 326 U.S. 465. Malcolm E. Rosser, Esq., for the petitioner. W. B. Riley, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency of $43 in income tax for the calendar year 1947. Petitioner, by an amended return, computes an alleged overpayment in the sum of $182, for which he asks a refund. The deficiency arises through respondent's action *187 in disallowing deductions taken by the petitioner as representing cost of travel, meals and lodging. The correctness of respondent's action in this disallowance is the issue presented. The proceeding was heard at Muskogee, Oklahoma, on May 9, 1951, by Henry C. Stockwell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. The petitioner is a single man, a boilermaker by trade. It is his contention that during the year 1947 his residence was in Muskogee, Oklahoma. He neither owned nor maintained a home in Muskogee, but gives as his home the residence of his father in that city. Petitioner was in Muskogee only two days during the calendar year 1947. There is no evidence that petitioner was ever employed at Muskogee. During the taxable year the petitioner was employed as a boilermaker on construction projects at Corpus Christi, Texas, Whiting, Indiana, *188 Fort Peck, Montana, and Pasadena, Texas. His return for the taxable year was filed with the collector of internal revenue for the district of Oklahoma. He reported thereon gross income of $3,527.12, received in that year from five contracting firms by which he had been employed. Adjusted gross income of $3,298.90 was arrived at by the deduction of $228.22, designated as occupational deductions representing cost of work clothes, safety devices, laundry and union dues. This return was prepared for the petitioner by a tax consultant, and upon audit by respondent the deductions taken were all disallowed, as the deductions permitted an employee under section 22 (n), Internal Revenue Code, are restricted to those representing expenses of travel, meals and lodging while away from home or expenses incurred under a reimbursement arrangement with the taxpayer's employer. None of the deductions taken by the petitioner fell within the permitted class. Upon receiving notice of the action by respondent, petitioner again contacted his tax consultant, and as a result an amended return was prepared in which the items listed as deductions on the original return were eliminated *189 and in their place there was deducted, in arriving at adjusted gross income, $1,321.40, claimed as representing the cost of transportation, meals and lodging while away from home in carrying on his trade or business in the performance of services for five contracting firms. Petitioner contests the disallowance by respondent of this deduction. None of the five firms employing petitioner in the taxable year are shown to be located at Muskogee, Oklahoma, nor is there evidence that petitioner was employed by any one of them at Muskogee. The record shows that petitioner heard of work being done on a construction project calling for the services of boilermakers and thereupon traveled to that point and secured employment. When that work was completed he went to another point at which work was being done and there secured employment, and this was repeated in the case of each job on which he was employed in the taxable year. None of the five jobs on which petitioner worked during the year necessitated or required petitioner to maintain a home at Muskogee. The services which petitioner performed on the various jobs involved afford no reason why petitioner should maintain a home in Muskogee. *190 Petitioner and his tax consultant appear to have confused the term "home" within the meaning of section 23 (a) (1) (A) of the Code with "legal residence." It is clear that under the rule laid down by the court in Commissioner v. Flowers, 326 U.S. 465, the deductions taken by petitioner as representing the cost of travel, board and lodging are not allowable. The maintenance of a "home" by this petitioner at Muskogee was in no sense incident to the performance of the services at far distant points. Petitioner's home under such circumstances was the point at which he was employed. See John D. Johnson, 8 T.C. 303. The expenses for which petitioner asks deduction were personal in character, and respondent is sustained in his disallowance. Decision will be entered for the respondent.