Robert Lee Brassfield v. Commissioner.
Brassfield v. Commissioner
Docket No. 29708.
United States Tax Court
1952 Tax Ct. Memo LEXIS 185; 11 T.C.M. (CCH) 582; T.C.M. (RIA) 52177; June 11, 1952
*185 The petitioner, a boilermaker, with residence address at Muskogee, Oklahoma, was employed during practically all of the taxable year on construction jobs at points in Texas, Illinois, and Montana. None of his employers were located at Muskogee. In each instance of employment he resided at the site of the construction job on which he worked and thereafter until he secured another job at some other point. His maintenance of a home at Muskogee was not a necessary incident of his employment or in any way connected with his duties. Held, that under such circumstances the petitioner's cost of travel and living expenses while on these construction jobs was personal in character and not deductible under section 23 (a) (1) (A), Internal Revenue Code. Commissioner v. Flowers, 326 U.S. 465. The petitioner is held not entitled to an exemption with respect to his sister, the record failing to establish either the amount of his contributions to her support or the amount of personal income, if any, received by her. Malcolm E. Rosser, Esq., for the petitioner. W. B. Riley, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined *186 a deficiency in the amount of $167 in income tax for the calendar year 1947. By amended return filed after receiving notice of the above deficiency, petitioner computes an overpayment in the amount of $145. The deficiency results from respondent's disallowance of expenditures alleged to be with respect to travel, meals and lodging while away from home and allowable under section 23 (a) (1) (A) of the Internal Revenue Code, and an exemption claimed with respect to petitioner's sister whom he claims was his dependent. The proceeding was heard at Muskogee, Oklahoma, on May 10, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. [The Facts] Petitioner was, in the taxable year, unmarried and a resident of Muskogee, Oklahoma. For that year he filed an individual Federal income tax return with the collector *187 of internal revenue for the district of Oklahoma, reporting thereon as income wages received as an employee from various employers in the aggregate amount of $3,136.34. He arrived at an adjusted gross income of $2,740.61 by the deduction of various claimed expenditures in the sum of $395.73. On this return he claimed his sister as an exemption. None of the claimed deductions related to expense of travel. Respondent disallowed the deductions taken on this return as not allowable in the determination of adjusted gross income under section 22 (n). Upon receiving notice of the disallowance of the deductions petitioner, on April 22, 1949, filed an amended individual Federal income tax return. He waived the deductions which had been claimed and disallowed on the original return, and in their place deducted, in arriving at adjusted gross income under section 22 (n), an aggregate amount of $1,237.38. On this amended return he again claimed his sister as an exemption and computed an overpayment in tax by withholding from his wages in the sum of $145. Petitioner was, in the taxable year, a boilermaker by trade. During that year he performed services as an employee of Chicago Bridge & Iron *188 Co. at Fort Peck, Montana; Sapulpa Tank Co., Corpus Christi, Texas, General American Transportation Corporation, Chicago, Illinois; A. M. Lockett & Co., Tulsa, Oklahoma; Ellerbee Brothers, Corpus Christi, Texas, and W. R. Grimshaw, Tulsa, Oklahoma. None of the above employers were located in Muskogee, Oklahoma, the point claimed by petitioner as his home in that year. The facts with respect to petitioner's employment by the above named contractors were that there was no work available for petitioner in Muskogee and he learned of contracts being performed at other points on which boilermakers were needed. He would proceed to such point and obtain employment for an indeterminate period or until the work was finished. While working he would live in rented quarters and would procure his meals wherever he might be able to do so. The cost to him in that year for such travel, meals and lodging was the sum of $1,237.38. During that year petitioner was at home a total of five days, one day while on his way from one job to secure employment at another; on occasion, while going from one job to another, he was in Muskogee for four days. He returned to Muskogee on January 1, 1948. Petitioner *189 was not reimbursed by his employers for any of the above expenditures for travel, meals and lodging, and the necessity for his maintaining a home in Muskogee was not required by his employment. The residence address in Muskogee given by him was the home of his father in that city. In each instance he was hired at the place in which he worked. None of the jobs on which petitioner worked during the taxable years necessitated or required him to maintain a home in Oklahoma. [Opinion] It is clear that petitioner has confused the term "home" as used in section 23 (a) (1) (A) of the Code with "legal residence." It is clear that under the rule laid down in Commissioner v. Flowers, 326 U.S. 465, the deductions taken by petitioner as representing travel, board and lodging, under the circumstances here detailed, are not allowable. The maintenance of a "home" by this petitioner at Muskogee was in no sense incident to his services at far distant points. Petitioner's home under such circumstances was the point at which he was employed. See John D. Johnson, 8 T.C. 303. These expenses were personal in character and respondent is sustained in his disallowance. As *190 to petitioner's claim for exemption on account of his minor sister, the record shows that during the taxable year this sister was going to school and petitioner paid her expenses in such schooling. The time during which this sister was in school, the amount paid for her expenses by petitioner, and the amount of personal income, if any, received by this sister during the taxable year are not disclosed by the record. Under the applicable revenue act pertaining to the taxable year, petitioner is entitled to an exemption of $500 if in that year he paid more than one-half of the expenses of his sister and the latter was in receipt of less than $500 personal income. The necessary facts to establish petitioner's right to this exemption are not here established. There is in the record a copy of an affidavit executed by petitioner's sister which appears to have been submitted to the collector of internal revenue incident to the filing of the amended return. This affidavit, of course, can not be received as establishing the facts therein stated. Petitioner's sister was not a witness. Respondent is affirmed in his disallowance of the claimed exemption. Decision will be entered for the respondent. *191