Thomas H. Kiah and Rennie L. Kiah v. Commissioner.
Kiah v. Commissioner
Docket No. 5807-69 SC.
United States Tax Court
T.C. Memo 1971-271; 1971 Tax Ct. Memo LEXIS 63; 30 T.C.M. (CCH) 1165; T.C.M. (RIA) 71271; October 26, 1971, Filed. Stanley R. Kirk, 2429 Cadillac Tower, Detroit, Mich., for the petitioners. Ralph F. Keister, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency has been determined by the Commissioner for the calendar year 1967 in the income tax of petitioners in the amount of $795.08. The only issue presented by the pleadings is whether respondent has erred in disallowing as business expense deductions certain living expenses paid by petitioner Rennie L. Kiah (hereinafter *64 petitioner) while employed by the Internal Revenue Service in Atlanta, Georgia, during 1967. Findings of Fact The petitioners, Thomas H. Kiah and Rennie L. Kiah, are husband and wife who resided at the time of the filing of the petition herein at Detroit, Michigan. The petitioners filed a joint Federal income tax return for the year 1967 with the district director of internal revenue, Detroit, Michigan. Prior to January 16, 1966, Rennie L. Kiah was employed by the Internal Revenue Service as a tax technician in the Detroit district audit division. Sometime in the latter part of 1965, the petitioner became interested in the North-South Relocation Program (hereinafter referred to as the program) under which qualified employees of the Internal Revenue Service could volunteer to relocate in the South to correct the racial imbalance. Relocation under the program was to be permanent and this fact was specifically understood by the petitioner. Under the program, the Government sponsored a trip by the petitioner to Atlanta, Georgia, and she subsequently volunteered to relocate to that city. Since she was concerned as to whether her husband could find suitable employment in Atlanta, *65 the petitioner was informed by officials of the Internal Revenue Service that she could be reassigned to Detroit within a certain period upon her request. Effective January 16, 1966, the petitioner was reassigned from the Detroit District Audit Division, Office Audit Branch, to the Atlanta District Audit Division, Office Audit Branch, Atlanta, Georgia. The petitioner was employed in the Atlanta district from January 16, 1966, to November 5, 1967, or approximately a year and ten months. Because her husband could not find suitable employment in Atlanta, the petitioner requested reassignment back to the Detroit district. The Internal Revenue Service honored this request and effective November 5, 1967, the petitioner was reassigned from the Atlanta district audit division to the Detroit district audit division, office audit branch. On the 1967 income tax return, the petitioner claimed a deduction of $2,915 for "away from home expense" incurred while she was employed by the Internal Revenue Service in Atlanta, Georgia. Ultimate Findings Petitioner's post of duty in 1967 in Atlanta, Georgia, was permanent as distinguished from temporary. As the principal place of her employment, *66 Atlanta, Georgia, became the petitioner's "tax home." Opinion Petitioner seeks the deduction of her living expenses for 1967 while she was employed by respondent in Atlanta, Georgia, as "away from home" expenses under section 162(a)(2), I.R.C. 1954. [1] Respondent 1166 has disallowed such deduction on the ground that such expense is personal living expense which is specifically made nondeductible by section 262. [2]
Petitioner's apparent position is that although she acknowledges reassignments relating to the North-South Relocation Program are generally *67 on a permanent basis, in her particular case, the reassignment was temporary and her tax home remained in Detroit in the event her husband was unable to obtain suitable employment in Atlanta, or for other reasons; that her understanding with respondent that she could be reassigned to Detroit in that event changed her assignment to Atlanta from permanent to temporary. We think her reasoning fails to sustain the result she seeks. The only effect of petitioner's understanding with her supervisors was to assure her that although, as she understood, her assignment to Atlanta was permanent, if she found she could not remain there longer, she would be again permanently reassigned to Detroit. Nothing in the record indicates any intention on the part either of her employer or herself that either post of duty was to be temporary. This record does not support two of the three tests for deduction of "away from home" business traveling expense laid down by the Supreme Court in Commissioner v. Flowers, 326 U.S. 465: (1) the expense must have been paid or incurred while the taxpayer is away from home; and (2) it must be paid or incurred in the pursuit of the taxpayer's trade or business. *68 A person's tax home is his principal place of employment or duty station. Lloyd G. Jones, 54 T.C. 734; Emil J. Michaels, 53 T.C. 269. Petitioner's duty station was Atlanta for one year and ten months. The expenses she seeks to deduct were incident to her cost of living while there. She was not therefore "away from home" when she paid or incurred them. If petitioner was only temporarily employed in Atlanta, she must of necessity have had another permanent employment station but the record gives no basis upon which we could find she was assigned during the year at issue to other than the one post of duty, Atlanta. Cf. Arthur Sansone, 41 T.C. 277. While petitioner's assignment to Atlanta may be said to be in pursuit of the North-South Relocation Program, it certainly was not at the behest of her employer, but was instead the result of her own voluntary act. We think her act of volunteering, while laudatory, was highly personal in nature and had nothing to do with the carrying on of her business of being a tax technician in the employ of respondent. It follows that her living expenses in Atlanta cannot be said to be of a business nature and are *69 also nondeductible for that reason. Commissioner v. Flowers, supra; John D. Johnson, 8 T.C. 303. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩