LLOYD G. JONES AND MARILYN A. JONES, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5296–65, 2167–68.    Filed April 8, 1970.

Lloyd G. Jones, pro se.
*W. John Howard, Jr.*, for the respondent.

736

738

OPINION

Petitioner has now conceded, in light of the Supreme Court's recent decision in *Bingler* v. *Johnson*, 394 U.S. 741 (1969), that the bimonthly payments he received from Mobil while he was enrolled in Ohio State did not constitute a fellowship grant within the meaning of section 117 and that he continued to be an employee of Mobil during that time. Thus, since respondent did not disallow the deductions claimed for the direct expenses (for fees, tuition, books, etc.) incurred by petitioner at Ohio State or for the expenses of moving his family from Columbus to Dallas in 1966, we are left only with the questions as to the deductibility of (1) the expenses for petitioner's meals and lodging while he was at Ohio State, and (2) the expenses incurred by petitioner in moving his family from Dallas to Columbus in 1963, prior to the effective date of section 217.[4]

---

[4] The provisions of sec. 217 apply to expenses incurred after Dec. 31, 1963, in taxable years beginning after such date.

At the outset, we feel constrained to note that petitioner handled his own case pro se, and unfortunately he has not defined his legal position regarding the deductions for meals and lodging with any degree of clarity. From one stage of this litigation to the next he has vacillated between claiming deductions of $40 for each month he and his family resided in Columbus as the "added costs of living in Ohio over Texas"—the position taken in his returns, in his original petitions, and at the trial—and claiming deductions for his proportionate share of the entire cost of the family's meals and lodging in Columbus—the posture he took in his amended petitions and on brief. Yet, as to the former, he does not indicate whether the amounts claimed represent the added costs for the whole family or for himself alone; and while he presented evidence as to his expenses for meals and the family's expenses for rent and utilities in Columbus, the record is barren of any evidence of what the comparable expenses in Dallas would have been.

In the view we take of the case, however, we are not required to hold petitioner to either of these positions. Even if petitioner had presented a legal theory to justify deducting the difference in the living expenses—and he has not—he would not prevail thereunder because of his failure to produce evidence as to what those expenses would have been in Dallas. And, for the reasons discussed below, petitioner may not deduct his meals and lodging expenses incurred while he was attending school in Columbus.

Petitioner stakes his claim to deductions for the meals and lodging on the first sentence of section 1.162–5(d), Income Tax Regs., which, as applicable to the years in issue,[5] provided as follows:

If a taxpayer travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible.

Petitioner contends that in August 1963 he traveled away from his home in Dallas to Columbus to study at Ohio State, and that he remained in travel status until September 1966. Thus, the issue is whether petitioner was "away from home" while attending Ohio State.

The rules for determining the deductibility of the expenses of traveling "away from home" for education are clearly the same as

---

[5] This section of the regulation was amended subsequent to the tax years and renumbered as sec. 1.162–5(e)(1). T.D. 6918, 1967–1 C.B. 36. The only amendment pertinent to the present controversy was the addition of the following sentence:

The rules set forth in this paragraph are subject to the provisions of section 162(a)(2), relating to deductibility of certain traveling expenses, * * *, and the regulations thereunder.

We do not believe that this amendment affects the outcome of the present controversy, since the substance thereof was implicit in the prior regulation.

for traveling expenses under section 162(a)(2).[6] The word "home" as used in that section is a term of art. It does not mean the taxpayer's domicile; rather it means his "tax home," i.e., the location of his principal place of business, employment, or station of duty. *Rendell Owens*, 50 T.C. 577,581 (1968); *Ronald D. Kroll*, 49 T.C. 557, 561–562 (1968); *Raymond E. Kershner*, 14 T.C. 168, 174 (1950). "The job, not the taxpayer's pattern of living," is the crucial factor. *Carragan v. Commissioner*, 197 F. 2d 246, 249 (C.A. 2, 1952), affirming a Memorandum Opinion of this Court; cf. *Commissioner v. Stidger*, 386 U.S. 287 (1967). A taxpayer continues to have his "home" at his regular place of employment if he accepts "temporary employment of short duration" at another location; but if the assignment is of "substantial" or "indefinite" duration, the second location becomes his "home" within the meaning of section 162(a)(2). *Commissioner v. Peurifoy*, 254 F. 2d 483, 486–487 (C.A. 4, 1957), affirmed per curiam 358 U.S. 59 (1958); *Cockrell v. Commissioner*, 321 F. 2d 504, 507 (C.A. 8, 1963), affirming 38 T.C. 470 (1962).

Petitioner argues that his stay in Columbus as a student was by its very nature temporary, since he had committed himself to return to Dallas upon completing 3 years of work on his doctorate. But the basic purpose of the "away from home" provision is to mitigate the burden of the taxpayer who is required by the exigencies of business to maintain two places of abode, thereby incurring duplicate living expenses. *James v. United States*, 308 F. 2d 204, 207 (C.A. 9, 1962); *Ronald D. Kroll, supra* at 562. The provision is not designed to benefit an employee or a self-employed individual who relocates himself and his family at a new post of duty for an indefinite or substantial period of time.

Petitioner's agreement with Mobil called for him to remain in Columbus for 3 years, a substantial time span that can hardly be viewed as "temporary" or "of short duration." Indeed, in view of this length of time, it was reasonable to expect him to move his residence to Columbus, see *Ronald D. Kroll, supra* at 562, even though his domicile may have remained in Dallas. While residing in Columbus he leased his home in Dallas to a tenant, receiving rental income therefrom until he sold the property in 1966. Thus, he incurred no duplicate living expenses. His post of duty was at Ohio State, not Dallas; therefore, Columbus became his "home." Accordingly, he is not en-

---

[6] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

* * * * * * *

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *

titled to deduct his expenses for meals and lodging there. Such costs were nondeductible "personal, living or family expenses" within the meaning of section 262.

Nor is petitioner entitled to deductions for the moving expenses incurred in 1963. Such expenses were not ordinary and necessary expenses of petitioner's trade or business or traveling expenses while he was away from home. For years prior to 1964 the Internal Revenue Code contained no provision specifically authorizing the deduction of unreimbursed expenses incurred by employees in moving themselves and their families from one principal place of work to another. See fn. 4 *supra*. This Court has issued three opinions in recent years holding that such expenses were deductible under section 162(a), but we were reversed in each case. *Wilson* v. *Commissioner*, 412 F. 2d 314 (C.A. 6, 1969), reversing 49 T.C. 406 (1968); *Commissioner* v. *Dodd*, 410 F. 2d 132 (C.A. 5, 1969), reversing a Memorandum Opinion of this Court; *Commissioner* v. *Mendel*, 351 F. 2d 580 (C.A. 4, 1965), reversing 41 T.C. 32 (1963). On further consideration, we are persuaded by the Courts of Appeals in these cases and will no longer follow our decisions therein. We find nothing in section 1.162–5, Income Tax Regs., that requires a different rule to be applied to employee-students like petitioner.

To reflect concessions of respondent,

*Decisions will be entered under Rule 50.*

Reviewed by the Court.

---

DRENNEN, *J.*, concurring: While normally I would expect this Court to reexamine its views on a particular issue each time a Court of Appeals adopts the opposite view, I think it is a little late in the life of this issue, which has become extinct by act of Congress, for this Court to go through the formalities of reexamining its views and overruling three quite recent opinions of this Court on the issue, when the same result can be reached in another way.

Appeal of this case would, in the absence of agreement between the parties to the contrary, lie in either the Court of Appeals for the Fifth Circuit or the Court of Appeals for the Sixth Circuit, both of which courts have decided this issue in favor of respondent. See *Commissioner* v. *Dodd*, 410 F. 2d 132 (C.A. 5, 1969), and *Wilson* v. *Commissioner*, 412 F. 2d 314 (C.A. 6, 1969), respectively. I would decide this case for respondent on the theory that, regardless of the views of this Court on the merits of the issue, the conclusions of the Courts of Appeals on the issue is the controlling law for cases arising in those circuits. This would be a modification of the rule this Court announced in the oft-discussed case of *Arthur L. Lawrence*, 27 T.C. 713, which I

would approve. See last paragraph of Judge Simpson's concurring opinion in *Norvel Jeff McLellan*, 51 T.C. 462.

RAUM and FORRESTER, *JJ.*, agree with this concurring opinion.

---

SIMPSON, *J.*, concurring: I agree that the moving expenses are not deductible in this case. Although I still believe that in principle such expenses should be deductible, I accept the decisions of the Courts of Appeals. This case would be appealed to either the Fifth or Sixth Circuit; [1] and since both of those circuits have held that such moving expenses are not deductible, I would follow those decisions, regardless of my individual views regarding them.

RAUM and DAWSON, *JJ.*, agree with this concurring opinion.

---

[1] I realize that the parties could agree to appellate review in a different circuit, but it is highly unlikely that the respondent would make such an agreement.