LOUIS E. AND LINDA L. REPACI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Repaci v. Commissioner
Docket No. 8318-77.
United States Tax Court
T.C. Memo 1979-389; 1979 Tax Ct. Memo LEXIS 137; 39 T.C.M. (CCH) 208; T.C.M. (RIA) 79389; September 20, 1979, Filed Louis E. Repaci, pro se. M. K. Mortensen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended, and to Rules 180 and 181, Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts his opinion which is set forth below.
OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1974 in the amount of $308.55. The issue is whether petitioners are entitled to a moving expense deduction in 1974 under the provisions *139 of section 217, Internal Revenue Code of 1954, [2] in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and they are found accordingly. Petitioners were residents of San Diego, California at the time the petition herein was filed. In 1974 petitioner Louis E. Repaci, who was employed by Black and Decker Manufacturing Co. (hereinafter Black and Decker), was transferred by his employer from San Diego, California to Maryland. Petitioner was reimbursed by Black and Decker for the expenses incurred in moving his family to Maryland. Petitioner proceded his family to Maryland to commence work in his new post on or about May 12, 1974. He returned to San Diego on June 7, 1974 for about a week and then returned to Maryland. Petitioner then joined his family for the final trip from San Diego to Maryland on June 30, 1974. Petitioner claimed a moving expense deduction in 1974 under section 217 in the amount of $10,745. Respondent allowed a moving expense deduction in the amount of $9,158 and disallowed *140 the balance of $1,587. OPINION Section 217(a) allows a deduction for moving expenses incurred by an employee in connection with the commencement of work at a new principal place of work. Section 217(b)(1) defines five categories of expenses that qualify as moving expenses. [3]Section 217(b)(3), as applicable during the year in issue, established limitations on the amount deductible under section 217(a): *141 (3) Limitations- (A) Dollar Limits - The aggregate amount allowable as a deduction under subsection (a) in connection with a commencement of work which is attributable to expenses described in subparagraph (C) or (D) of paragraph (1) shall not exceed $1,000. The aggregate amount allowable as a deduction under subsection (a) which is attributable to qualified residence sale, purchase, or lease expenses shall not exceed $2,500, reduced by the aggregate amount so allowable which is attributable to expenses described in subparagraph (C) or (D) of paragraph (1). Petitioner was reimbursed by his employer (Black and Decker) for the various expenses related to his move from California to Maryland in 1974.Such reimbursement to petitioner was correctly reported as gross income for 1974. Section 82. However, such expenditures can qualify as moving expense deductions only if they qualify under the detailed provisions of section 217 and, in addition, any deduction would be subject to the dollar limitations of the statute. [4]
*142 Petitioner has the burden of proof to show that he is entitled to a moving expense deduction in excess of the $9,158 allowed by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. The parties have stipulated the series of detailed moving expense reports submitted by petitioner to his employer covering the costs of his move to Maryland. We agree with respondent that some of the expenditures do not qualify as moving expenses under the statute. The statute allows a deduction for meals and lodging while occupying temporary quarters at the new principal place of work during any period of 30 consecutive days after obtaining employment.Section 217(b)(1)(D). Petitioner's expenses for meals and lodging cover a period from May 12, 1974 to July 11, 1974. Respondent has allowed meals and lodging falling within the consecutive 30-day period ending July 11 since this would be advantageous to petitioner under the facts of the case. We agree with respondent. The deduction for traveling expenses from the former residence to the new place of residence is limited to one trip made by taxpayer and members of his *143 household. Section 1.217-2(b)(4), Income Tax Regs. Consequently, we sustain respondent's disallowance of additional trips made by petitioner between California and Maryland durig the period from May 12, 1974 to June 30, 1974. Car-rental expenses, dry-cleaning expenses, tips and parking costs incurred by petitioner in Maryland do not qualify as expenses while occupying temporary quarters under section 217(b)(1)(D). [5] Expenditures under this section are limited to meals and lodging during a period of 30 consecutive days. See also section 1.217-2(b)(6), Income Tax Regs. Nor do we believe that expenses for telephones, baby-sitting and laundry qualify as house-hunting expenses under section 217(b)(i)(C). This category of allowable moving expenses is specifically limited to the costs of transportation, meals and lodging. Section 1.217-2(b)(5), Income Tax Regs. Finally, we must agree with respondent's disallowance of such items as automobile registration fees, auto inspection, drivers' licenses, carpet installation and installation of a dryer as moving expenses. See section 1.217(b)(3), Income Tax Regs.
*144 Respondent's computation, reflecting the above disallowed categories of expenditures in the amount of $2,100.93, shows qualified moving expenses, after taking into account the dollar limitations described in section 217(b)(3)(A), in the total amount of $8,244.38. This figure is less than the amount originally allowed by respondent in the statutory notice as a moving expense deduction ($9,158). Respondent however does not claim any increased deficiency based upon an additional disallowance of moving expenses claimed by petitioner. We conclude on the basis of this record that petitioner has not met his burden of showing that he is entitled to a moving expense deduction in 1974 under section 217 in excess of the amount allowed by respondent. Decision will be entered for the respondent.
Footnotes
1. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable here. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Section 217(b)(1) Definition of Moving Expenses - (1) In General - For purposes of this section, the term "moving expenses" means only the reasonable expenses- (A) of moving household goods and personal effects from the former residence to the new residence. (B) of traveling (including meals and lodging) from the former residence to the new place of residence. (C) of traveling (including meals and lodging) after obtaining employment, from the former residence to the general location of the new principal place of work and return, for the principal purpose of searching for a new residence. (D) of meals and lodging while occupying temporary quarters in the general location of the new principal place of work during any period of 30 consecutive days after obtaining employment, or (E) constituting qualified residence sale, purchase, or lease expenses.↩
4. There is no merit in the argument that some of the expenses might qualify as deductions under section 162 or section 212 if they should fail to meet the requirements of section 217. See Jones v. Commissioner,54 T.C. 734 (1970), affd. 444 F.2d 508↩ (5th Cir. 1971).
5. Respondent has allowed the cost of car-rentals incurred while petitioners were house-hunting. Section 217(b)(1)(C)↩.