STEPHEN J. BURNHAM and MARJORIE E. BURNHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burnham v. Commissioner
Docket No. 19603-81.
United States Tax Court
T.C. Memo 1983-309; 1983 Tax Ct. Memo LEXIS 478; 46 T.C.M. (CCH) 311; T.C.M. (RIA) 83309; June 1, 1983. Stephen J. Burnham, pro se. Marikay Lee-Martinez, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $450.00 in petitioners' 1978 Federal income tax. The issues are (1) whether petitioners are entitled to deduct certain moving expenses under section 162, [1] and (2) whether *479 petitioners had unreported interest income. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, Stephen J. Burnham and Marjorie E. Burnham, resided in Tempe, Ariz., when they filed the petition herein. At all relevant times, petitioner Stephen J. Burnham (petitioner) was employed as a civil engineer for the Federal Highway Administration (FHA). In 1978, FHA transferred petitioner from Sacramento, Calif., to Phoenix, Ariz. Prior to the transfer, petitioner and his wife took a one-week trip to Phoenix for the principal purpose of searching for a new residence. During that week he met with FHA engineers in the Phoenix office. After returning home and completing his assignment in Sacramento, petitioner moved his family to Phoenix in August 1978. Petitioners incurred expenses of $552.92 for travel, meals, and lodging in connection with their house-hunting trip, and they incurred expenses of $1,072.88 for temporary lodging following their move to Phoenix. On their 1978 return, petitioners deducted these house-hunting and temporary lodging expenses ($1,625.80) *480 as employee business expenses. In his notice of deficiency, respondent completely disallowed this deduction. Respondent also determined petitioners had unreported interest income of $80.00. OPINION The first issue is whether petitioners may deduct their house-hunting and temporary lodging expenses under section 162(a). Petitioners contend that since FHA transferred petitioner to Phoenix, such expenses are deductible under section 162(a) as employee business expenses. We disagree. Although we recognize that by reason of his employment petitioner was required to move and thereby incurred expenses, it is well-settled that moving expenses are personal expenses and are nondeductible except to the extent provided under section 217. Nico v. Commissioner,67 T.C. 647, 655 (1977), affd. and reversed on another issue 565 F.2d 1234 (2d Cir. 1977); Jones v. Commissioner,54 T.C. 734, 741 (1970), affd. 444 F.2d 508 (5th Cir. 1971); Ritter v. United States,393 F.2d 823, 830 (Ct. Cl. 1968). Since petitioners' house-hunting and temporary lodging expenses clearly fall within the definition of moving expenses *481 set forth in section 217(b), petitioners may not deduct these expenses as "employee business expenses" under section 162(a). [2] They may, however, deduct them as moving expenses to the extent allowable under section 217. [3]
*482 The second issue is whether in 1978 petitioners had unreported interest income of $80.00. The burden of proof is on petitioners to overcome the presumption of correctness that attaches to respondent's determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.Petitioners have submitted no evidence contradicting respondent's determination. Accordingly, we sustain respondent's determination that petitioners had unreported interest income of $80.00. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Although the principal purpose of petitioner's pre-transfer trip to Phoenix was to search for a house, he also met with FHA engineers in the Phoenix office during that trip. Petitioners might have been entitled to deduct expenses directly attributable to these meetings had they substantiated their business nature and amount. Rule 142(a), Tax Court Rules of Practice and Procedure. See Halkides v. Commissioner,T.C. Memo. 1977-420, affd. 605 F.2d 558↩ (7th Cir. 1979). 3. Petitioners may deduct $1,500 of their house-hunting and temporary lodging expenses as moving expenses. Sec. 217(b). In doing so, petitioners must reduce by that same amount the deduction they claimed under sec. 217 for expenses incurred in selling their former residence and in buying a new residence due to the interplay of the limitations imposed on the deduction for various kinds of moving expenses under sec. 217(b)(3)(A). However, these expenses which are not deductible under sec. 217 may then be used by petitioners either to decrease the gain on the sale of their former residence or to increase their basis in the new residence. Although this will not affect the computation of petitioners' 1978 tax liability since they elected to defer gain on the sale of their former residence under sec. 1034, it will allow them to increase their basis in the new residence by $1,500.↩