JUNIUS J. JOHNSON AND MALIA S. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 47433-86.
United States Tax Court
T.C. Memo 1988-177; 1988 Tax Ct. Memo LEXIS 205; 55 T.C.M. (CCH) 700; T.C.M. (RIA) 88177; April 26, 1988. Lewis J. Hubbard, for the respondent DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986 and Rules 180, 181 and 182. [1] For convenience, the findings of fact and conclusions of law have been combined in this opinion. Respondent determined a deficiency in petitioner's Federal income tax in the amount of $ 533.00 for the taxable year 1982 and $ 375.00 for the taxable year 1983. This case was submitted to the Court fully stipulated under Rule 122. The stipulations of fact and attached exhibits are incorporated in our findings by this reference. We must decide whether lodging expenses petitioner [2] incurred while studying at the University *207 of Hawaii at Manoa are deductible education expenses under section 162(a)(2). Petitioners resided within the State of Texas at the time off their petition was filed. Petitioner has been employed by the University of Texas, Austin Campus, School of Nursing, since 1963 except during approved leaves of absence. She became an Assistant Professor of Nursing with tenure in 1968. She continues in that position today. During the period of September 1981 to May 1983 petitioner was enrolled as a doctoral student at the University of Hawaii at Manoa. She was pursuing a doctorate in educational foundations. While pursuing this doctoral study, petitioner was on approved education leave of absence from the University of Texas at Austin. Her leave of absence was without pay. Petitioner received a Texas guaranteed student loan to pay for her expenses while pursuing her doctoral studies. In addition, she was classified as a nonresident for tuition purposes at the University of Hawaii. Petitioner filed a nonresident state income tax return with the State of Hawaii for the taxable year 1982. Petitioners *208 sold their resident in Austin prior to moving to Hawaii. Petitioners lived in an apartment while residing in Hawaii. Petitioner returned to Texas in the fall of 1983 and taught at the University of Texas at Austin as an Assistant Professor of Nursing with tenure as she had done before her leave. Petitioners maintained a credit union account in Austin while living in Hawaii. They stored all of their personal belongings except the needed clothing and some books in Austin while living in Hawaii. They maintained a post office box in Austin while they lived in Hawaii and they maintained valid Austin public library cards during the taxable years 1982 and 1983. Petitioner owned a houseboat during the taxable years in question which was docked in Austin at a lot on Lake Austin. The lot was owned by petitioner's father-in-law. Petitioners paid property taxes on the houseboat during the taxable years in issue. In February of 1983, petitioners purchased a lot on Lake Austin next to the lot owned by petitioner's father-in-law. Petitioners incurred lodging expenses of $ 2,400.00 in 1982 and $ 1,800.00 in 1983 while residing in Hawaii. We must decide whether these expenses are deductible.
*209 If an individual travels away from home primarily to obtain education, the expenses of which are deductible under this section, her expenses for travel, meals, and lodging while away from home are deductible under section 162(a)(2). Section 1.162-5(e)(1), Income Tax Regs. Education expenses are deductible under this section (i.e., section 162) if the expenses meet the requirements of section 1.162-5(a), Income Tax Regs. The parties have stipulated that petitioner's education expenses meet the requirements of section 274(d). Consequently, the only issue remaining for our decision is whether petitioner was "away from home" within the meaning of section 162(a)(2) thereby allowing her to deduct lodging expenses incurred while she was enrolled at the University of Hawaii in the doctoral program. If the expenses do not meet the requirements of section 162(a)(2) then they are personal living expenses made expressly nondeductible under section 262. The word "home" as it is used in section 162(a)(2) is a term of art. It does not mean the taxpayer's domicile; [3] rather it means her "tax home," i.e. the location of her principal place of business, employment, or station of duty. Jones v. Commissioner,54 T.C. 734, 740 (1970), *210 affd. 444 F.2d 508 (5th Cir. 1971). [4]
A taxpayer continues to have her home at her regular place of employment if she accepts temporary employment of short duration at another location; but if the assignment is of substantial or indefinite duration, the second location becomes her home within the meaning of section 162(a)(2). Jones v. Commissioner, supra, citing Commissioner v. Peurifoy,358 U.S. 59 (1958). No single element is determinative of the ultimate factual issue of temporariness, and there are no rules of thumb, durational or otherwise. Each case turns on its own facts. [5]Norwood v. Commissioner,66 T.C. 467, 470 (1976), citing Commissioner v. Peurifoy,358 U.S. 59 (1958). *211 Petitioner's absence from her teaching job in this case was not indefinite. She expected to be away from the University of Texas at Austin for a specified period of time -- that period of time being the four semesters it took to enhance her teaching skills by studying at the University of Hawaii. We find that petitioner's stay in Hawaii was, in fact, temporary. Petitioner had worked at the University of Texas at Austin for 19 years prior to her education leave of absence. After her studies at the University *212 of Hawaii were completed she returned to her teaching job at the University of Texas at Austin. She is still employed there today. Moreover, she was a tenured assistant professor at the University of Texas. She attended graduate school to improve her teaching skills so that she would be a better qualified professor at the University of Texas. The University of Texas at Austin was at all times her place of employment. [6] It did not cease to be her place of employment when she moved to Hawaii to study for four semesters to improve her teaching skills. Studying in a doctoral program is a lengthy process by its very nature. It was not a short refresher course. Nevertheless, we find that it was not of such substantial duration so as to transfer her place of employment and consequently her "tax home" from Austin, Texas, to Hawaii. Granted, she did not incur "duplicative expenses" when renting an apartment in Hawaii *213 because she had sold her Texas home. However, whether petitioner's expenses were duplicative is not determinative of the issue but rather is only one of many factors which we must weigh in reaching our decision. Since petitioner's tax home remained in Austin, Texas, during the taxable years in issue the lodging expenses incurred in Hawaii were incurred while "away from home" within the meaning of section 162(a)(2). Accordingly the lodging expenses are deductible. Decision will be entered for the petitioners.
Footnotes
1. All subsequent section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Unless noted otherwise, "petitioner" will refer to Malia S. Johnson only. ↩
3. Clearly, petitioners' domicile was Austin, Texas, during the taxable years in issue. ↩
4. Appeal in this case lies to the Fifth Circuit, barring stipulation to the contrary under section 7482(b), so we are bound by determinations made by the Fifth Circuit Court of Appeals. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940↩ (1971). 5. Respondent relies heavily on Duke v. Commissioner,T.C. Memo. 1976-38, a Memorandum Opinion of this Court. In Duke the petitioner was employed at Tennessee Tech for only a few years prior to going on a leave of absence to attend graduate school at the University of Georgia. After studying at the University of Georgia he accepted a position at the University of Tennessee. He never returned to Tennessee Tech. The Court found that his tax home was no longer at Tennessee Tech and therefore his lodging expenses incurred while studying at the University of Georgia were not deductible. Clearly, Duke↩ is distinguishable from this case on its facts. 6. The fact that petitioner was employed by the State of Hawaii, Kauai Community College, University of Hawaii, for four months in 1982 as part of the University of Hawaii's degree program internship/field experience requirements does not alter our conclusion. ↩