T.C. Summary Opinion 2002-148

UNITED STATES TAX COURT

JOHN MICHAEL KERNAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5655-01S.                    Filed November 20, 2002.

John Michael Kernan, pro se.

<u>Alvin A. Ohm</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $14,364 in petitioner's Federal income tax for 1996.

---

[1]    Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.

The sole issue for decision is whether petitioner is entitled to deductions under section 162(a)(2) for expenses while away from home for the year 1996.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Dallas, Texas.

Petitioner is a certified public accountant in the State of Texas. For the year at issue, petitioner was a consultant specializing in the implementation of computer systems and, in particular, a software application known as "Oracle Financials". He conducted this work as a self-employed trade or business activity that he reported on his Federal income tax return for 1996 on Schedule C, Profit or Loss From Business.

From the time of his graduation from Texas A & M University at College Station, Texas, in 1990, petitioner lived at Austin, Texas. He was employed for approximately 2 years by a nationally recognized accounting firm and thereafter was employed by the Texas Workers' Compensation Insurance Fund (the Fund) at Austin, Texas. Sometime during March 1996, petitioner's superior or supervisor at the Fund obtained employment with Josten's, Inc. (Josten's) at Memphis, Tennessee. Through the efforts or assistance of his former supervisor, petitioner was interviewed at Josten's for the specific purpose of teaching Josten's project

managers in the use of the Oracle software system referred to above. Petitioner terminated his employment with the Fund, and, sometime in March 1996, he entered into a contract with Josten's for a period of 6 months commencing on April 1, 1996. Petitioner began work on or about the scheduled commencement date. By mutual agreement with Josten's, petitioner worked approximately 1 month beyond the expiration date of the contract, until November 1996. All the work petitioner performed under this contract was at the business facilities of Josten's at Memphis, Tennessee. He was not required to travel away from Josten's facilities, and he, in fact, did not incur any traveling or other expenses in connection with his contract except those that are at issue in this proceeding. Moreover, Josten's did not impose on petitioner any restriction or requirement as to where petitioner was to live during the contract.

While living in Austin, Texas, petitioner owned a half interest in a home that he shared with another individual. His interest in this home was fully paid for, and petitioner retained that interest while he was engaged on the contract with Josten's at Memphis, Tennessee. Petitioner did not incur any expenses relating to the Austin home while he was engaged on the Josten's contract. Petitioner moved out of the Austin, Texas, home on or about March 28, 1996, and took up residence with a young lady who lived at Knoxville, Tennessee, whom petitioner had met in

December 1995.  One of the reasons petitioner became interested in the contract with Josten's at Memphis was that it would lessen the distance between Austin, Texas, and Knoxville, Tennessee. His expectation was that the relationship with the young lady, whom petitioner referred to as his "girlfriend", would become permanent.  As petitioner described it at trial:

> I had started dating a girl in Knoxville in December of '95, and * * * wanted to try and make more of the distance between Knoxville and Austin, and so * * * when this opportunity * * * came up, * * * I was talking with her regarding it.  * * * basically, the understanding was that * * * I'll accept it if we want to give this a shot.  You know, basically, I'll live with her and move into Knoxville, make the commute, and then hopefully find * * * work * * * in Knoxville.

Petitioner moved in with his girlfriend at Knoxville, Tennessee, on March 28, 1996, and began his contract with Josten's at Memphis, Tennessee, on April 1, 1996.  He commuted on weekends to Knoxville.  During the week, petitioner rented an apartment in Memphis.  The arrangement between petitioner and his girlfriend was that petitioner paid the rent on the apartment they shared in Knoxville, and his girlfriend paid the utilities and telephone expenses.  Petitioner was not a party to the rental contract on the apartment, nor was there any written agreement between petitioner and his girlfriend with respect to their living arrangement.

Initially, petitioner commuted between Memphis and Knoxville either by automobile or by commercial airline. Both methods proved to be time consuming and costly. Petitioner made a cost/benefit analysis from which he concluded it would be more economical to purchase an airplane to make the weekly commute between Knoxville and Memphis. Accordingly, petitioner, in early October 1996, purchased a Cessna model 192 airplane and, after paying for flying lessons, thereafter used the plane to commute between Memphis and Knoxville.

Petitioner's contract with Josten's was completed in November 1996, and he had no further contractual or employment relationship with Josten's. Petitioner then gave up the Memphis apartment and continued living with his girlfriend at Knoxville. He did not find employment at Knoxville. In March 1997, the relationship between petitioner and his girlfriend terminated. Petitioner moved back to Austin, Texas, and found employment there.

On his Federal income tax return for 1996, petitioner reported the income and expenses of the contract activity with Josten's as a trade or business activity, which respondent does not dispute. Petitioner reported gross income of $216,616, expenses of $198,677, and a net profit of $17,939. In the notice of deficiency, respondent disallowed deductions claimed for expenses in the amount of $40,023. The disallowed deductions

consisted essentially of petitioner's meals and other living expenses in Memphis, including rent on the Memphis apartment and the expenses related thereto, the cost of the airplane and the flying lessons, repairs to the plane, insurance, and the traveling expenses incurred prior to purchase of the plane.[2]

Respondent's position is that petitioner's tax home during 1996 was Memphis, Tennessee, and, therefore, the expenses at issue were not incurred away from home within the intent and meaning of section 162(a)(2). Petitioner's position is that his business activity at Memphis, Tennessee, was temporary and not permanent or indefinite, and the expenses he incurred there are deductible under section 162(a)(2).

This Court has consistently held that a taxpayer's "home" for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of business or employment and not where the taxpayer's personal residence or place of abode is located, if such residence or place of abode is at a place different from the location of the place of employment. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968); Garlock v. Commissioner, 34 T.C.

---

[2] Of the total amount claimed, $18,150 represented the cost of the plane that petitioner deducted pursuant to sec. 179, Election To Expense Certain Depreciable Assets. Petitioner, at trial, conceded a $2,527 adjustment in the notice of deficiency disallowing a deduction for clothing expenses.

611, 614 (1960). However, there is an exception to this rule where the taxpayer accepts employment away from home if such employment is considered "temporary" as opposed to "indefinite". Commissioner v. Peurifoy, 254 F.2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958). Where such employment is temporary, the taxpayer's "tax home" does not shift to the situs of the temporary employment. The taxpayer is regarded as "away from home" while working at the temporary location. The underlying purpose for this exception (which allows a deduction for living costs incurred at the temporary job) is that it is unreasonable to expect the taxpayer to move a residence to a temporary location. Thus, by allowing a deduction for living expenses at the temporary employment location, the burden is mitigated for the taxpayer who incurs duplicate living expenses which result from maintaining the regular place of abode and the place of abode at the temporary location. However, if a taxpayer, for personal reasons, chooses to reside in a different vicinity from the vicinity of the principal place of employment, the residence is not recognized as the taxpayer's "tax home". Commissioner v. Flowers, 326 U.S. 465 (1946); Jones v. Commissioner, 54 T.C. 734, 740 (1970), affd. 444 F.2d 508 (5th Cir. 1971).

The Court is satisfied from the record that petitioner's home during 1996, for tax purposes, was not Austin, Texas.

Petitioner terminated his employment there and thereafter incurred no further living expenses at Austin.  The record is clear that petitioner left his employment at Austin to accept the contract at Memphis, Tennessee, which would be nearer to his girlfriend at Knoxville, Tennessee.  Since petitioner left his home at Austin, Texas, the site of his employment became his tax home.  The record is clear that petitioner's choice of Knoxville, Tennessee, as a residence was solely for personal reasons and was in no way related to the exigencies of his contract with Josten's at Memphis.  The general rule is that a taxpayer's home, under section 162(a)(2), is his abode at or near the vicinity of his principal place of employment.  Coombs v. Commissioner, 608 F.2d 1269, 1274 (9th Cir. 1979), affg. in part and revg. and remanding in part 67 T.C. 426 (1976).  It is immaterial whether petitioner's contract at Memphis, Tennessee, was temporary or indefinite because those distinctions are relevant only when the taxpayer maintains a well-established home and is away from it.  United States v. Mathews, 332 F.2d 91, 93 (9th Cir. 1964).  The Court holds, therefore, that the expenses at issue were personal expenses under section 262 that are not deductible under section 162(a)(2).  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.