T.C. Summary Opinion 2012-57

UNITED STATES TAX COURT

DARREN J. NEWELL AND KATHERINE M. NEWELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29052-10S.                    Filed June 18, 2012.

Allen Reed Davison II, for petitioners,

Shaina E. Boatright, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2008 Federal income tax of  $1,553 and an accuracy-related penalty of $310.60.  After concessions by both parties, the issues for decision are:[2]

(1) Whether the "tax home" of petitioner Darren J. Newell remained in Phoenix, Arizona, until he moved into an apartment in Pasadena, California, on October 10, 2008, and, if so;

(2) whether petitioners are entitled to deduct travel expenses and lease cancellation expenses paid in connection with petitioner Darren J. Newell's transfer to Pasadena, California, and, if so;

(3) whether petitioners properly substantiated those expenses, and finally;

(4) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Respondent concedes that petitioners are entitled to deduct $369.33 for moving expenses under sec. 217.  Petitioners concede that the remaining expenses claimed on their tax return as moving expenses are not deductible under sec. 217.

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioners resided in the State of Kansas when the petition was filed.

At all times relevant, Darren J. Newell (petitioner) worked as a general manager in the restaurant business and was employed by LGO Hospitality (LGO). During the first eight months of 2008 petitioner managed one of LGO's restaurants located in Phoenix, Arizona (Phoenix restaurant). While working at the Phoenix restaurant, petitioner lived in an apartment with his wife and daughter in the nearby adjacent city of Scottsdale, Arizona.

In August 2008 petitioner's supervisor offered him a permanent position as general manager of LGO's restaurant in Pasadena, California (Pasadena restaurant). After consultation with his wife, petitioner accepted the general manager position and agreed to relocate to Pasadena.

On or about September 1, 2008, petitioner began work as the general manager of the Pasadena restaurant. Although the exact date is not entirely clear from the record, petitioner and his family moved to Pasadena around the same time period. Petitioners terminated their lease with respect to their apartment in Scottsdale and paid expenses associated with that early cancellation (2008 lease

cancellation expense). Petitioners used a rented moving truck and their personal automobile to transport their personal belongings and the family dog to Pasadena. Because they had yet to secure an apartment before moving, petitioners paid for hotel accommodations and storage for their personal belongings in Pasadena. Petitioner and his family lived in hotel accommodations until the beginning of October 2008 while he worked at the Pasadena restaurant.

On October 10, 2008, petitioners executed a lease and moved into an apartment in Pasadena (Pasadena apartment). Petitioner and his family lived in the Pasadena apartment through the end of 2008 and into the following year.

In February 2009 petitioner transferred from the Pasadena restaurant to a newly constructed LGO restaurant located in Santa Monica, California (Santa Monica restaurant). When petitioner moved his family to Santa Monica in 2009, petitioners terminated the lease with respect to the Pasadena apartment and again paid expenses associated with that early lease cancellation (2009 lease cancellation expense). Petitioner worked as the general manager of the Santa Monica restaurant until approximately February 2010.

Petitioners timely filed a joint Federal income tax return for 2008 (tax return), which was prepared by a commercial tax return preparer. Petitioner provided the return preparer with information regarding his move from Phoenix to Pasadena in

2008, including receipts for the expenses he paid. Petitioners had hired the same commercial tax return preparer to complete their tax returns for at least seven years before 2008 without incident. On their tax return, petitioners claimed a deduction for moving expenses of $9,433.

In a notice of deficiency (notice) respondent disallowed the claimed moving expense deduction. According to the notice petitioners "did not establish that the amount shown was (a) a moving expense, and (b) paid".[3]

## Discussion

### I. Burden of Proof

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that the taxpayer is entitled to any deduction claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[4] A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision.

---

[3] Respondent also adjusted the amount of petitioners' itemized deduction for medical expenses because of the resulting increase in their adjusted gross income. The parties agree that this is a computational matter to be resolved by the Rule 155 process.

[4] Sec. 7491 does not apply in this case to shift the burden of proof to respondent because petitioners neither alleged that sec. 7491 was applicable nor established that they fully complied with the requirements of sec. 7491(a)(2) with respect to any of the issues before the Court.

New Colonial Ice Co. v. Helvering, 292 U.S. at 440 ("[A] taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms.").  For the reasons that follow, we hold that petitioners have not established that they are entitled to the business expense deductions claimed.

II.  Business Expenses

As stated above petitioners now concede that the expenses originally claimed on their tax return (other than the amount conceded by respondent) are not deductible as moving expenses under section 217.  See supra note 2.  Petitioners argue in the alternative, however, that these expenses are deductible under section 162 as business expenses.  Specifically, petitioners now assert that they are entitled to deduct the following expenses:

| Description | Amount |
|---|---|
| Lodging | $1,735.15 |
| Meals | 1,000.00 |
| 2008 lease cancellation | 1,895.36 |
| 2009 lease cancellation | 1,970.96 |
| Total | 6,601.47 |

According to petitioners the above expenses are not personal living expenses but deductible business expenses related to petitioner's employment with LGO Hospitality.

Section 262 generally provides that no deduction shall be allowed for personal, living, or family expenses.  On the other hand, section 162 allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  The term "trade or business" as used in section 162(a) includes the trade or business of being an employee.  Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).  Whether an expenditure satisfies the requirements for deductibility under section 162(a) is a question of fact.  Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

A.  Lodging and Meals

Section 162(a)(2) allows a taxpayer to deduct ordinary and necessary travel expenses (including amounts for lodging and meals) paid or incurred during the taxable year if such expenses are paid or incurred while away from home in pursuit of a trade or business.  Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Cockrell v. Commissioner, 38 T.C. 470 (1962), aff'd, 321 F.2d 504 (8th Cir. 1963).  The reference to "home" in section 162(a)(2) means the taxpayer's "tax home".  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

As a general rule, the location of a taxpayer's principal place of employment is the taxpayer's tax home, not the location of the taxpayer's personal residence.[5] Mitchell v. Commissioner, 74 T.C. at 581; Kroll v. Commissioner, 49 T.C. at 561-562. Once a taxpayer accepts employment that is located either permanently or for an indefinite time away from his old principal place of employment, the taxpayer's tax home shifts to the location of the new principal place of employment.[6] Allen v. Commissioner, T.C. Memo. 2009-102 (citing Coombs v. Commissioner, 608 F.2d 1269 (9th Cir. 1979), aff'g in part, rev'g in part on a different issue 67 T.C. 426 (1976)); see also Kroll v. Commissioner, 49 T.C. at 562-563.

_____

[5] The vocational "tax home" concept was first articulated by this Court in Bixler v. Commissioner, 5 B.T.A. 1181, 1184 (1927), and has been consistently applied by this Court. See, e.g., Horton v. Commissioner, 86 T.C. 589 (1986); Leamy v. Commissioner, 85 T.C. 798 (1985); Foote v. Commissioner, 67 T.C. 1 (1976); Kroll v. Commissioner, 49 T.C. 557 (1968).

[6] An exception to the general rule exists where a taxpayer accepts temporary, rather than indefinite, employment away from his personal residence; in that case, the taxpayer's personal residence may be considered his tax home. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). The purpose of the exception is to mitigate the burden of the taxpayer who must incur duplicate living expenses because of the exigencies of business. Kroll v. Commissioner, 49 T.C. at 562. The record does not support a finding that petitioners maintained a personal residence in Phoenix while petitioner worked in Pasadena or that they incurred duplicate living expenses. See Jones v. Commissioner, 54 T.C. 734, 740-741 (1970), aff'd, 444 F.2d 508 (5th Cir. 1971). Moreover, the record demonstrates that petitioner's employment in California was not temporary, and petitioners do not appear to contend otherwise.

Petitioners acknowledge that petitioner's tax home changed from Phoenix to Pasadena in 2008. Petitioners contend, however, that although petitioner moved his family to Pasadena and began work at the Pasadena restaurant on or about September 1, 2008, his tax home did not shift to Pasadena until October 10, 2008, when he and his family moved into the Pasadena apartment. According to petitioners the time period between September 1 and October 10, 2008, was a "transitional period" within which petitioner's tax home remained in Phoenix. In petitioners' view the expenses petitioner paid for hotel lodging and meals in Pasadena during that "transitional period" constituted business travel expenses or temporary living expenses incurred while petitioner was away from his tax home in Phoenix and are thus deductible under section 162(a)(2).

Respondent, on the other hand, argues that petitioner's tax home shifted from Phoenix to Pasadena no later than September 1, 2008, when he moved his family to Pasadena and began working at the Pasadena restaurant. Respondent contends that the lodging and meal expenses petitioner paid between September 1 and October 10, 2008, were therefore not incurred while he was away from his tax home. Consequently, respondent maintains that the disputed lodging and meal

expenses constitute nondeductible personal living expenses. We agree with respondent.

During the first eight months of 2008 petitioners lived in Scottsdale, Arizona, and petitioner worked at the Phoenix restaurant. On or about September 1, 2008, petitioners moved to Pasadena, California, and petitioner began working as general manager of the Pasadena restaurant. Petitioner left his employment at the Phoenix restaurant, and petitioners no longer lived in the Phoenix area.[7] Therefore, the location of petitioner's principal place of employment shifted to Pasadena when he began employment at the Pasadena restaurant.

Petitioner's lodging and meal expenses were not paid or incurred while away from his tax home. Petitioners did not secure an apartment before moving to Pasadena. Rather, petitioner and his family lived in hotel accommodations from approximately September 1 until October 10, 2008, when petitioners executed a lease and moved into the Pasadena apartment. Petitioners contend that they are entitled to deduct their expenses for lodging and meals incurred during this "transitional period" as business travel expenses. When the location of petitioner's principal place of employment changed, however, so did the vicinity of his tax

[7] Although he took a return trip to Phoenix sometime in September 2008, petitioner admitted at trial that the trip was taken for personal reasons and that he visited the Phoenix restaurant for only six hours to finalize some documents.

home.  See Allen v. Commissioner, T.C. Memo. 2009-102.  Although petitioner moved from the Phoenix area to Pasadena in pursuit of a business, the lodging and meal expenses he paid were not incurred while away from his tax home in Pasadena.  Therefore, the lodging and meal expenses petitioner paid during his "transitional period" from September 1 to October 10, 2008, are not deductible under section 162(a)(2).  See Commissioner v. Flowers, 326 U.S. at 470.

Petitioners provide no legal authority to support their "transitional" theory of deductibility.  As stated above, petitioners acknowledge that Pasadena was petitioner's tax home after October 10, 2008, when they moved into the Pasadena apartment.  On brief, petitioners point out that a hotel generally does not constitute a tax home.  We agree; however, petitioners' theory that petitioner's tax home changed only when he established an apartment in Pasadena on October 10, 2008, is unpersuasive and contrary to well-established precedent.  See, e.g., Horton v. Commissioner, 86 T.C. 589 (1986); Leamy v. Commissioner, 85 T.C. 798 (1985); Foote v. Commissioner, 67 T.C. 1 (1976); Kroll v. Commissioner, 49 T.C. 557.  Therefore, we hold that petitioners' claimed lodging and meal expenses are nondeductible personal living expenses.  See sec. 1.262-1(b)(5), Income Tax Regs.

B.  Lease Cancellation

Taxpayers may be allowed to deduct amounts paid to cancel a lease as business expenses if the leased property was used for business purposes.  See sec. 1.262-1(b)(3), Income Tax Regs.  There is no evidence that petitioners used their apartment in Phoenix or their apartment in Pasadena for business purposes.  To the contrary, the evidence overwhelmingly supports a finding that both apartments were used as petitioners' personal residence.  Moreover, expenses related to lease cancellation are generally deductible by cash method taxpayers, such as petitioners, for the taxable year in which those expenses were paid.  See, e.g., Cassatt v. Commissioner, 47 B.T.A. 400, 407 (1942) ("It has long been a rule that the consideration paid for the termination or cancellation of a lease by the lessee is deductible in full by him as an ordinary and necessary expense for the year in which the expense is paid or incurred."), aff'd, 137 F.2d 745 (3d Cir. 1943).  Thus, petitioners' 2009 lease cancellation expense would not be deductible for 2008 because that expense was paid in 2009.  In any event, we hold that petitioners' early lease cancellation expenses are nondeductible personal expenses.  See sec. 262; secs. 1.162-2(a), 1.262-1(b)(3), Income Tax Regs.[8]

---

[8]  Because we hold that petitioners are not entitled to deduct the claimed expenses for lodging, meals, or lease cancellation described above, we need not

(continued...)

III. Accuracy-Related Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). The Commissioner bears the burden of production, sec. 7491(c), but, if satisfied, the taxpayer then bears the ultimate burden of persuasion, Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Section 6664 provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable

---

[8](...continued)
decide whether they properly substantiated such expenses.

cause and good faith.  See Furnish v. Commissioner, T.C. Memo. 2001-286.  The most important factor, however, in determining whether a taxpayer acted with reasonable cause and in good faith is the extent of the taxpayer's effort to assess the proper tax liability.  Sec. 1.6664-4(b)(1), Income Tax Regs.  This factor includes the taxpayer's reasonable and good faith reliance on the advice of a tax professional. Id.

It is clear from the record that petitioners are not tax experts or experienced in tax matters and relied reasonably and in good faith on their preparer to determine the proper treatment of their expenses.  See United States v. Boyle, 469 U.S. 241, 251 (1985).  After considering the totality of the facts and circumstances, we are satisfied that petitioners, who provided their commercial tax return preparer with receipts and all of the necessary information regarding petitioner's employment transfer, acted in good faith and come within the reasonable cause exception of section 6664(c)(1).  Therefore, we hold that petitioners are not liable for the accuracy-related penalty under section 6662.

## Conclusion

We have considered all of the arguments advanced by the parties, and, to the extent not addressed herein, we conclude that those arguments are irrelevant, moot, or meritless.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.